

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 17, 2020**

**United States Bankruptcy Judge**

___

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Mansfield Boat and RV Storage, LLC, | § | Case No. 18-33926-hdh7 |
| | § | |
| Debtor. | § | |

### SEVENTH ORDER FINDING LARRY REYNOLDS IN CIVIL CONTEMPT OF COURT

On March 5, 2020, the Court held a hearing (the "Show Cause Hearing") on its *Order (I) Finding Larry Reynolds Remains in Civil Contempt of Court and (II) Ordering Larry Reynolds to Appear and Show Cause as to Why he Should not be Subject to Further Sanctions for Civil Contempt* [Docket No. 216] (the "Sixth Civil Contempt Order"). The primary purpose of the Show Cause Hearing was to determine whether Mr. Reynolds had paid amounts he was previously ordered by the Court to pay, including the roughly $140,000 in funds Mr. Reynolds has admitted to stealing from the bankruptcy estate. For the reasons below, the Court finds that Mr. Reynolds is in civil contempt of Court for the seventh time in this bankruptcy case for (i) his continued failure to pay amounts ordered by the Court, (ii) executing unauthorized postpetition transfers on behalf

of the Debtor in direct violation of the Court's prior civil contempt order,[1] and (iii) failing to appear before the Court on March 16, 2020.

## I. Brief Factual Background

For the benefit of any reviewing court, the Court adopts its recitation of the relevant facts of this case through December 9, 2019 in its Sixth Civil Contempt Order. The Sixth Civil Contempt Order outlines Mr. Reynolds's conduct and testimony in this case, including his theft of estate funds and his subsequent plans to repay those funds. Specifically, Mr. Reynolds testified on December 9, 2019 about four sources of cash that were already or soon to be available to him, including: (1) a $10,000 share of Mr. Reynolds's late mother's probate estate; (2) $350,000 in proceeds from a piece of Alaskan real estate owned by Mr. Reynolds's wife (the "Commercial Property"), which Mr. Reynolds testified would be sold by December 31, 2019; (3) proceeds from the sale of inventory and fixtures from Mr. Reynolds's Alaskan business, that would occur in less than 60 days; and (4) $500,000 from the sale of Mr. Reynolds's residence in Alaska (the "Alaskan Residence") to Neal Ainsworth ("Mr. Ainsworth"), which Mr. Reynolds stated he expected to close in the first quarter of 2020.

Based on Mr. Reynolds's testimony, the Court set another show cause hearing for January 29, 2020 to determine if Mr. Reynolds had repaid the amounts ordered by the Court. On January 29, 2020, Mr. Reynolds appeared and offered his responses to questions posed by the Court, the Chapter 7 Trustee, and the U.S. Trustee. Mr. Reynolds testified that (1) his wife's attorney, Mr. Ainsworth, had a summary judgment hearing in state court on February 3, 2020 to remove the third and last lien on the Commercial Property;[2] (2) Mr. Ainsworth was purchasing the note on the

---

[1] *Order Regarding Motion for Order Finding Larry Reynolds in Civil Contempt of Court* [Docket No. 130] (the "Third Civil Contempt Order").

[2] Notably, the Court was not aware there was another lien—aside from Pender Capital's lien that has already been released—on the Commercial Property. At no point can the during any of the other show cause hearings in this case

Alaskan Residence and that sale would close in two to three weeks, from which Mr. Reynolds expected to receive $200,000 in cash; (3) the auctioneer was in possession of the inventory and fixtures from Mr. Reynolds's Alaskan business, but now anticipates an auction will occur in March or April; and (4) he paid the Chapter 7 Trustee the $10,000 he received from his mother's probate estate.[3] In light of Mr. Reynolds's sworn testimony, he was given yet another extension of time to repay the stolen funds, and the Show Cause Hearing was subsequently set for March 5, 2020.

On February 28, 2020, prior to the Show Cause Hearing, Pender Capital Asset Based Lending Fund, I, LP ("Pender Capital"), filed *Pender Capital Asset Based Lending Fund, I, LP's Statement in Support of Additional Sanctions Against Larry Reynolds* [Docket No. 234] (the "Notice"). In the Notice, Pender Capital alerted the Court that Mr. Reynolds violated the Third Civil Contempt Order by making certain transfers on behalf of the Debtor, and that Mr. Reynolds made false and inconsistent statements to the Court regarding his ownership in the Alaskan Residence and his wife's ownership in the Commercial Property. On March 4, 2020—the day before the Show Cause Hearing—Mr. Reynolds filed a *Motion for Continuance* [Docket No. 236]. Pender Capital objected,[4] and the Court subsequently entered an order denying the Motion for Continuance.[5]

---

does the Court recall that Mr. Reynolds mentioned this lien, which is apparently the subject of litigation in state court in Alaska. *See* Pender Capital's Exhibit 8 [5:11-12] (Mr. Reynolds: ". . . . We have removed two out of the three liens. The only remaining one is Pender Capital's lien.").

[3] The Chapter 7 Trustee confirmed that he received roughly $13,000 from Mr. Reynolds. *See* Pender Capital's Exhibit 7 [15:9-13].

[4] Docket No. 237.

[5] *Order Denying Motion to Continue Hearing Scheduled for March 5, 2020* [Docket No. 238] (the "Order Denying Motion to Continue"). The Court noted in its Order Denying Motion to Continue that the allegations raised by Pender Capital in its Notice were time sensitive and that Mr. Reynolds had very little credibility with the Court as to the reasons he provided for a continuance. The Order Denying Motion to Continue further provided,

> "Nevertheless, if Mr. Reynolds does not attend the March 5 Hearing, (1) the Court will defer any further rulings until a hearing to be held on March 16, 2020 at 1:30 p.m. at which Mr. Reynolds is ordered to appear and (2) Mr. Reynolds may file a written response no later than March 13, 2020

## II. The March 5, 2020 Show Cause Hearing

Mr. Reynolds did not appear at the Show Cause Hearing, but the Court proceeded with the hearing in Mr. Reynolds's absence. At the Show Cause Hearing, counsel for Pender Capital asserted that (1) Mr. Reynolds executed and filed several deeds on behalf of the Debtor conveying property to himself, in direct violation of the Third Civil Contempt Order; (2) Mr. Reynolds has not repaid the stolen funds nor daily accruing civil contempt sanctions to the bankruptcy estate; (3) Mr. Reynolds has been making false statements to this Court about his sources of repayment of the funds owed to the bankruptcy estate; and (4) Pender Capital should be entitled to another award for its attorneys' fees related to Mr. Reynolds's civil contempt matters before the Court.

As to the first issue, the evidence shows that Mr. Reynolds executed and filed a quitclaim deed on October 2, 2019 transferring certain of the Debtor's real property (the "Property")[6] from the Debtor—with Mr. Reynolds signing on behalf of the Debtor—to himself.[7] In addition, on December 4, 2019 and December 5, 2019, Mr. Reynolds executed and filed three special warranty deeds, transferring the same or similar Property[8] from the Debtor to himself.[9] This directly violates the Third Civil Contempt Order, which provides that "Mr. Reynolds has no authority to act or

---

responding to the allegations against him and attaching any relevant evidence that he wishes for the Court to consider with a supporting affidavit."

[6] The Property is located at 305 Smith Street, Mansfield, Texas 76063.

[7] Pender Capital's Exhibit 3. The timing of this transfer is significant because it occurred (1) a mere day before the Court's initial hearing on the Chapter 7 Trustee's motion to approve execution of quit claim deed (the "Motion to Approve") [Docket No. 156] of what seems to be the same or similar Property [Docket No. 157] and (2) on the same day Mr. Reynolds filed an objection and a motion to continue the hearing on the Motion to Approve [Docket Nos. 183, 184]. The Court continued the hearing on the Motion to Approve until October 10, 2019. *See* Docket No. 197.

[8] Mr. Reynolds executed and filed one special warranty deed that conveys property located at 309 Smith Street, Mansfield, Texas 76063 from the Debtor to Mr. Reynolds. *See* Pender Capital's Exhibit 2.

[9] Pender Capital's Exhibits 1, 2, and 4.

speak for the Debtor and shall not act or speak for the Debtor or hold himself out as a representative or agent of the Debtor."

Second, the Chapter 7 Trustee verified that Mr. Reynolds has not repaid the amounts previously ordered by the Court, other than the small sum Mr. Reynolds testified about on January 29, 2020.[10] Mr. Reynolds was absent for the Show Cause Hearing. And Mr. Reynolds has not since filed a response or any additional evidence as permitted by the Court in its Order Denying Motion to Continue.

Third, the evidence supports Pender Capital's allegation that Mr. Reynolds has been making false and inconsistent statements to this Court regarding the Commercial Property and the Alaskan Residence. Mr. Reynolds testified on numerous occasions before the Court that his wife, Janice Reynolds, owns the Commercial Property.[11] It now appears that Janice Reynolds does not own the Commercial Property because she deeded her interest in the property to the Estate of Dr. Marcus Alexander [sic] on April 13, 2018.[12] Pender Capital also presented evidence that the state court hearing to remove the third lien on the Commercial Property was the defendant's summary judgment motion in that case.[13] Mr. Reynolds led this Court to believe that Mr. Ainsworth filed the summary judgment motion that would result in a quick ruling in Janice Reynolds's favor.[14]

In addition, it appears Mr. Reynolds does not own the Alaskan Residence. Mr. Reynolds executed a quitclaim deed granting his 50% separate interest in the Alaskan Residence to the Estate

---

[10] *See supra*, fn. 3.

[11] *See*, *e.g*., Pender Capital's Exhibit 8 [12:21-22]; Pender Capital's Exhibit 9 [60:25- 61:2]; Pender Capital's Exhibit 7 [7:25-8:1].

[12] Pender Capital's Exhibit 14.

[13] Pender Capital's Exhibit 11.

[14] Pender Capital's Exhibit 7 [5:4-13, 8:21-24].

5

of Dr. Marcus Alexandre on July 15, 2015.[15] And there is an order from a state court in Alaska that restrains Mr. Reynolds from disposing of any assets of the Estate of Marcus Alexandre.[16] In light of this evidence, Mr. Reynolds falsely testified before the Court that a sale of the Alaskan Residence would close within two to three weeks from the hearing on January 29, 2020, and that the only impediments to such sale were Mr. Ainsworth's negotiations with the mortgage company.[17]

Fourth, counsel for Pender Capital has requested its attorneys' fees for litigating Mr. Reynolds's civil contempt matters in this case. The Court last awarded fees to Pender Capital in its *Order Granting, in Part, Motion for Sanctions* [Docket No. 112] (the "Second Civil Contempt Order") on April 24, 2019. Counsel for Pender Capital requests that Mr. Reynolds be ordered to pay an additional award of $89,336.69 in attorneys' fees incurred by Pender Capital from June 2019 to present.[18] The Court believes this fee request is reasonable and appropriate.

### III.    Conclusion

This is now the seventh civil contempt order that the Court has entered against Mr. Reynolds. The Court is extremely concerned with the harm Mr. Reynolds continues to inflict upon the bankruptcy estate. The evidence at the Show Cause Hearing not only shows that Mr. Reynolds has not repaid the stolen estate funds and sanctions this Court has previously ordered him to pay, but that Mr. Reynolds is blatantly disregarding the Court's orders—specifically, the Third Civil Contempt Order—by executing and recording unauthorized deeds on behalf of the Debtor. The

---

[15] Pender Capital's Exhibit 5.

[16] Pender Capital's Exhibit 15.

[17] Pender Capital's Exhibit 7 [6:20-24, 12:2-4].

[18] Pender Capital's Exhibit 17.

evidence also suggests that Mr. Reynolds has been perjuring himself to this Court about his sources of repayment for the stolen estate funds.[19] Accordingly, Mr. Reynolds has lost all credibility with the Court.

Because monetary sanctions do not appear to coerce Mr. Reynolds's compliance with the Court's orders, the Court will incarcerate Mr. Reynolds—for the second time in this bankruptcy case—to coerce his compliance with the Third Civil Contempt Order. The Court will incarcerate Mr. Reynolds in order to give the Chapter 7 Trustee enough time to unwind the unauthorized deeds without Mr. Reynolds's interference.

**IT IS THEREFORE ORDERED** that Mr. Reynolds is in civil contempt of Court for the seventh time in this bankruptcy case for (1) his failure to repay amounts previously ordered by the Court, (2) his failure to appear before the Court on March 16, 2020 and (3) his violation of the Third Civil Contempt Order; it is further

**ORDERED** that Mr. Reynolds pay Pender Capital an award of $89,336.69 in attorneys' fees, which are in addition to the amounts the Court has previously ordered Mr. Reynolds to pay; it is further

**ORDERED** that Mr. Reynolds be incarcerated in order to coerce his compliance with the Third Civil Contempt Order; and it is further

**ORDERED** that once Mr. Reynolds is detained, he will be ordered to appear for a hearing before this Court approximately three weeks later, at which time the Court will determine (1) whether Mr. Reynolds will no longer interfere with the duties of the Chapter 7 Trustee in this case

---

[19] The Court has already made several criminal referrals to the United States Attorney's Office regarding Mr. Reynolds's conduct and testimony in this case. The Court notes it is aware that bankruptcy courts lack criminal contempt powers. *In re Hipp, Inc.*, 895 F.2d 1503, 1505 (5th Cir. 1990). Accordingly, the Court intends to supplement this order with a report and recommendation to the district court to recommend that the district court hold Mr. Reynolds in criminal contempt.

7

pursuant to the Third Civil Contempt Order and (2) whether Mr. Reynolds has repaid the amounts ordered by the Court.

###End of Order###