**PORTER HEDGES LLP**

Eric M. English
State Bar No. 24062714
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
eenglish@porterhedges.com

**ATTORNEY FOR PENDER CAPITAL**

Scott M. Seidel, Esq.
State Bar No. 1799945
SEIDEL LAW FIRM
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
Telephone: 214-234-2500
scott.seidel@earthlink.net

**GENERAL COUNSEL FOR
THE CHAPTER 7 TRUSTEE**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| **MANSFIELD BOAT AND RV** | § | |
| **STORAGE, LLC** | § | **Case No. 18-33926** |
| | § | |
| Debtor. | § | |

**JOINT MOTION OF SCOTT SEIDEL, CHAPTER 7 TRUSTEE AND PENDER
CAPITAL ASSET BASED LENDING FUND 1, LP FOR ENTRY OF FINAL
JUDGMENT ON CONTEMPT ORDERS AGAINST LARRY REYNOLDS**

---

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY *JUNE 22, 2020* OR WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

Scott M. Seidel, Chapter 7 Trustee (the "Trustee") and Pender Capital Asset Based Lending

Fund I, LP ("Pender Capital," and collectively with the Trustee, the "Parties") file this *Joint Motion*

*for Entry of Final Judgment* (the "Motion") *on Contempt Orders Against Larry Reynolds* ("Mr. Reynolds") and respectfully state as follows:

## BACKGROUND

1.  The Court has held Mr. Reynolds in contempt no fewer than seven times for failure to comply with the Court's orders. The orders are related to Mr. Reynolds refusing to turn over stolen funds, refusing to timely deliver an accounting, and most recently, for attempting to act on behalf of the Debtor's estate in purporting to execute real property deeds to himself. The Court has ordered Mr. Reynolds to pay certain amounts to the Parties, respectively, and imposed coercive sanctions (monetary and non-monetary) on Mr. Reynolds, yet he has not paid those amounts or fully complied with the Court's orders.

2.  Specifically, the Court's April 8, 2019 *Order Granting, In Part, Motion for Contempt* (the "First Contempt Order") [Dkt. No. 95] and April 22, 2019 *Order Granting, In Part, Motion for Sanctions* (the "Second Contempt Order") [Dkt. No. 112] found Mr. Reynolds in contempt for violating the Court's *Interim Order for Use of Cash Collateral* [Dkt. No. 36] and *Order on Motion for Use of Cash Collateral* [Dkt. No. 61]. In the First Contempt Order, the Court ordered Mr. Reynolds to repay the Debtor $96,306.00 that Mr. Reynolds took from the estate. In the Second Contempt Order, the Court ordered Mr. Reynolds, among other things, to pay $141,306.00 within 90 days to the Trustee, for the amount of funds Mr. Reynolds had taken from the estate, and to pay $29,994.00 to Pender Capital, within 90 days [Dkt. No. 112 at ¶ 2]. The Second Contempt Order imposed an additional $100.00 per day after the 90 day period until the amounts are paid in full [Dkt. No. 112 at ¶ 2].

3.  The Court's July 15, 2019 *Order Regarding Motion for Order Finding Larry Reynolds in Civil Contempt of Court* (the "Third Contempt Order") [Dckt. No. 130] found Mr. Reynolds in contempt of Court for violating the Second Contempt Order, which required Mr.

10582640

Reynolds to provide an accounting of the funds he removed from the Debtor's estate and provide all of the filings from his mother's probate estate. The accounting produced by Mr. Reynolds was deficient as detailed in Pender Capital's response letter [Dckt. No. 132-1].

4. On August 22, 2019, the Court entered its *Fourth Order Finding Larry Reynolds in Civil Contempt of Court* (the "Fourth Contempt Order") [Dckt. No. 151] ordering Mr. Reynolds to cure all deficiencies as provided by the Parties; the October 21, 2019 *Order Regarding Fourth Order Finding Larry Reynolds In Civil Contempt of Court and Ordering Larry Reynolds to Appear at October 23, 2019 Hearing and Show Cause Why He Should Not Be Subject to Further Sanctions or Confinement* (the "Fifth Contempt Order") [Dckt. No. 202]; and the December 16, 2019 *Order (I) Finding Larry Reynolds Remains In Civil Contempt Of Court And (II) Ordering Larry Reynolds To Appear And Show Cause As To Why He Should Not Be Subject To Further Sanctions For Civil Contempt* (the "Sixth Contempt Order") [Dckt. No. 216].

5. In the March 17, 2020 *Seventh Order Finding Larry Reynolds in Civil Contempt of Court* (the "Seventh Contempt Order") the Court has found that Mr. Reynolds is in civil contempt of Court for the seventh time in this bankruptcy case for (i) his continued failure to pay amounts ordered by the Court, (ii) executing unauthorized postpetition transfers on behalf of the Debtor in direct violation of the Court's prior civil contempt order, and (iii) failing to appear before the Court [Dckt. No. 248]. The Seventh Contempt Order ordered that Mr. Reynolds pay Pender Capital an award of $89,336.69 in attorneys' fees, in addition to the amounts the Court has previously ordered Mr. Reynolds to pay. With the exception of a small payment to the Trustee in the amount of $11,911.93, Mr. Reynolds has not paid the court ordered amounts or fully complied with the Court's orders.

6. In sum, the Court has ordered Mr. Reynolds to pay the following amounts:

| Applicable Order | Amount to Trustee | Amount to Pender | Total |
|---|---|---|---|
| First Contempt Order | $96,306 | | $96,306 |
| Second Contempt Order Lump Sum[1] | $45,000 | $29,994 | $74,994 |
| Second Contempt Order Daily Penalty | $31,600 (which is 312 days * $100)[2] | | $31,600 |
| Seventh Contempt Order | | $89,336.69 | $89,336.69 |
| Payments from Mr. Reynolds | $11,911.93 | | |
| Total | $160,944.07 | $119,330.69 | $280,324.76 |

7. The Parties have learned that Mr. Reynolds is involved in a probate proceeding in Alaska as the sole beneficiary of the estate of Marcus Alexandre ("Mr. Alexandre"), whose estate consists of real and personal property that may be sufficient to materially satisfy the outstanding amounts owed under the contempt orders.

## RELIEF REQUESTED

8. The Parties seek to consolidate the aforementioned contempt orders into a final judgment that can be domesticated in the Alaska probate proceeding of Mr. Alexandre's estate (or elsewhere, if appropriate). Specifically, the Parties request a final judgment from the Court to, among other things, present to appropriate clerks and Courts in Alaska to prosecute a claim and be treated as creditors in the Alaska probate proceeding.

9. A civil contempt order is final for the purposes of appeal if two conditions are met: (1) a finding of contempt is issued, and (2) the appropriate sanction is imposed.[3] Therefore, money

---

[1] The total amount ordered to be paid to the Trustee and Pender in the Second Contempt Order is $171,300, which includes the $96,306 amount awarded to Trustee in the First Contempt Order.

[2] Calculated as of June 1, 2020, although this amount continues to accrue.

[3] *United States Abatement Corp.*, 39 F.3d 563, 567 (5th Cir. 1994) (citing *Petroleos Mexicanos*, 826 F.2d at 398; *Nasco, Inc. v. Calcasieu Television & Radio, Inc.*, 752 F.2d 157, 159 (5th Cir. 1985)); *Faulkner v. Kornman*, 2012 Bankr. LEXIS 809, at *9 (Bankr. S.D. Tex. Mar. 1, 2012). *But see SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-

4

judgments must simply identify the parties for and against whom the judgment is entered, and set out a definite and certain amount. Accordingly, when a court issues a contempt order finding contempt and imposing monetary sanctions of a definite and certain amount to coerce compliance or compensate for non-compliance, the contempt orders may constitute a final money judgment.[4]

10.     Here, the Court has issued seven contempt orders finding contempt and imposing monetary sanctions of a definite and certain amount to coerce compliance. Moreover, Mr. Reynolds has continuously flouted the Court's orders and failed to turn over any of the funds he was ordered to pay by the Second Contempt Order.

11.     Mr. Reynolds has remained in contempt of the Court with unsatisfied sanctions against him that prevent the Parties from recovery. The Parties may wish to pursue action in the Alaska probate proceeding, whereby a final judgment consolidating the contempt orders against Mr. Reynolds would allow the Parties to recover against Mr. Reynolds. The Parties request the Court consolidate the seven contempt orders into a final judgment pursuant to the Court's treatment of final money judgments that can be domesticated in Alaska.

12.     Therefore, Parties respectfully request that the Court enter a final judgment consolidating the seven contempt orders.

---

1188-D, 2008 U.S. Dist. LEXIS 107560, at *7 (N.D. Tex. Dec. 11, 2008) (quoting *Yaquinto v. Greer*, 81 B.R. 870, 879 (N.D. Tex. 1988)) (holding that the criteria of finality in *Petroleos Mexicanos* apply only to non-parties to the case-in-chief).

[4] *Hebert v. Exxon Corp.*, 953 F.2d 936, 939 (5th Cir. 1992).

10582640

Dated: June 1, 2020

By: /s/ *Eric M. English*
    Eric M. English
    State Bar No. 24062714
    State Bar No. 24085340
    Porter Hedges LLP
    1000 Main Street, 36th Floor
    Houston, Texas 77002
    (713) 226-6000
    eenglish@porterhedges.com

**ATTORNEY FOR PENDER CAPITAL**

and

/s/ *Scott M. Seidel*
Scott M. Seidel, Esq.
State Bar No. 1799945
SEIDEL LAW FIRM
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
Telephone: 214-234-2500
scott.seidel@earthlink.net

**GENERAL COUNSEL FOR**
**THE CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Motion to be served on June 1, 2020 to the parties listed on the attached service list via United States mail, postage prepaid, or via electronic service.

/s/ *Scott M. Seidel*
Scott M. Seidel

10582640

# SERVICE LIST

Debtor
Mansfield Boat and RV Storage, LLC
Attn: Larry Reynolds
605 Rutgers
Lancaster, TX 75134

Scott M. Seidel
Seidel Law Firm
6505 W. Park Blvd., Suite 306
Plano, TX 75093
Email: scott.seidel@earthlink.net

United States Trustee
United States Trustee
1100 Commerce Street
Room 976
Dallas, Texas 75242

Others

Larry Reynolds
305 Smith St.
Mansfield, Texas 76063
Via U.S. Mail and E-mail:
ljr4@sbcglobal.net

Larry Reynolds
6160 Deep Lake Dr.
Valdez, Alaska 99686

B. Neal Ainsworth, Jr.
2521 E. Mountain Village Dr. B223
Wasilla, Alaska 99654

Parties Requesting Notice
Mansfield ISD
c/o Eboney Cobb
Perdue, Brandon, Fielder, Collins & Mott,
L.L.P.
500 E. Border Street, Suite 640
Arlington, Texas 76010
E-mail: ecobb@pbfcm.com

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, Texas 75207
E-mail: dallas.bankruptcy@publican.com
Counsel for Tarrant County

10582640