

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed July 6, 2020

United States Bankruptcy Judge

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Mansfield Boat and RV Storage, LLC, | § | Case No. 18-33926-hdh7 |
| | § | |
| Debtor. | § | |

**REPORT AND RECOMMENDATION TO THE
DISTRICT COURT FOR WITHDRAWAL OF REFERENCE
AS TO DETERMINATION OF CRIMINAL CONTEMPT**

On March 18, 2020, this Court entered its *Seventh Order Finding Larry Reynolds in Civil Contempt of Court* [Docket No. 248] (the "Seventh Civil Contempt Order") against Larry Reynolds ("Mr. Reynolds")—the Debtor's former owner and general manager—in the above-captioned bankruptcy case. As detailed further below, Mr. Reynolds has refused to comply with the Court's orders and his actions are continuing to the harm the bankruptcy estate. Because the Court has exhausted its civil contempt remedies, this Court recommends that the United States District Court *sua sponte* withdraw the reference for the limited purpose of considering criminal

contempt proceedings and any other remedies it deems necessary and appropriate against Mr. Reynolds.

## I.    Factual Background

The Court refers the District Court to its recitation of the facts of this case in its *Fourth Order Finding Larry Reynolds in Civil Contempt of Court* [Docket No. 151] (the "Fourth Civil Contempt Order"), *Order (I) Finding Larry Reynolds Remains in Civil Contempt of Court and (II) Ordering Larry Reynolds to Appear and Show Cause as to Why He Should Not be Subject to Further Sanctions for Civil Contempt* [Docket No. 216] (the "Sixth Civil Contempt Order"), and the Seventh Civil Contempt Order. In all three of these orders, the Court outlines the facts and history of the above-captioned bankruptcy case, including Mr. Reynolds's conduct and testimony before the Court.

To briefly summarize, Mr. Reynolds was the former owner and general manager of the Debtor when it initially filed for relief under Chapter 11 of the Bankruptcy Code on December 3, 2018. At the time of the bankruptcy filing, the Debtor's primary assets were two properties located in Tarrant County, Texas (the "Mansfield Property") that were subject to a perfected first-priority security interest held by Pender Capital Asset Based Lending Fund I, LP ("Pender Capital"). Due to the Debtor's failure to comply with certain terms of the Court's order conditioning the automatic stay, Pender Capital was allowed to foreclose on the Mansfield Property on March 5, 2019.

It was shortly thereafter that the Court learned Mr. Reynolds had stolen roughly $140,000 in funds from the Debtor's bank account to pay for personal expenditures in direct violation of the Court's prior orders. The Court found cause to convert the bankruptcy case to Chapter 7, and Mr. Reynolds was ordered to repay the stolen funds or present a viable proposal to repay those amounts.

It has been over a year since that time and Mr. Reynolds has not repaid the stolen funds nor the daily accruing civil contempt sanctions the Court has imposed. Mr. Reynolds has testified before the Court on numerous occasions about his sources of repayment. As detailed in the Seventh Civil Contempt Order, the Court has recently discovered evidence that suggests that Mr. Reynolds has been perjuring himself as to both his intention to repay the funds and the sources of payment.

Moreover, Mr. Reynolds has been actively delaying and impeding the bankruptcy process in this case. The Court has ordered, on two occasions, that Mr. Reynolds be incarcerated for civil contempt to coerce him to comply with the Court's orders.[1] And the Court has made, and supplemented, a criminal referral to the United States Attorney's Office. The Court believes it has exercised all remedies available to it as an Article I court, and submits this report and recommendation to the District Court so that it may exercise its Article III powers to consider holding Mr. Reynolds in criminal contempt and consider any other remedies against Mr. Reynolds it deems appropriate in this case.

## II.    Discussion

As discussed in the Fourth Civil Contempt Order, bankruptcy courts in this Circuit have the authority to conduct civil contempt proceedings. *Placid Ref. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609, 613 (5th Cir. 1997). A civil contempt order is not punitive, but rather can be used for the purpose of coercing compliance with a court order. *Id.* at 612. A court may (1) impose sanctions or (2) incarcerate a party found in civil contempt if the prison term is conditional and coercive in nature. *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 263 (5th Cir. 2009).

---

[1] *See* Docket Nos. 167, 245. Mr. Reynolds was briefly incarcerated for civil contempt pursuant to the Court's first arrest warrant. *See* Docket No. 167. However, at the time of this Report and Recommendation, the Court was informed that Mr. Reynolds had not yet been taken into custody pursuant to its second arrest warrant for civil contempt due to delays associated with the COVID-19 pandemic.

Bankruptcy courts, however, lack criminal contempt powers. *In re Hipp, Inc.*, 895 F.2d 1503, 1505 (5th Cir. 1990). In federal court, criminal contempt is governed by 18 U.S.C. § 401, "which allows punishment of '[d]isobedience or resistance' to a court's 'lawful writ, process, order, rule, decree, or command.'" *Ingalls*, 588 F.3d at 264. Criminal contempt also requires "a willful, contumacious or reckless state of mind" and may be punished by imprisonment or fine. *Hipp*, 895 F.2d at 1509.

### III.    Recommendation

Based on the foregoing, this Court recommends that the District Court for the Northern District of Texas *sua sponte* withdraw, in part, the reference in the instant case pursuant to 28 U.S.C. § 157(d) for the limited purpose of considering criminal contempt proceedings and any other remedies it deems appropriate against Mr. Reynolds.

### End of Report and Recommendation ###