SEIDEL LAW FIRM
6505 W. Park Blvd, Suite 306
Plano, Texas 75093
Telephone: (214) 234-2500

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MANSFIELD BOAT AND RV** | § | CASE NO. 18-33926-HDH-7 |
| **STORAGE, LLC** | § | |
| | § | |
| DEBTOR | § | |

## FEE APPLICATION COVER SHEET

Fee Application of:    Seidel Law Firm

Fee Application of:    May 23, 2019  to  July 30, 2020

Retainer Received:             $0.00         Previously Paid:           $0.00

**Amount Requested:**                         **Reductions:**

Fees:              $ 33,287.50              Vol. Fee Reductions:
Expenses:          $ 997.78                 Vol. Expense
                                            Reductions:
Total:             $ 34.285.28              Total Reductions:

**Expenses:**
| | | | |
|---|---|---|---|
| Copy Expense (62 @ .20) | $ 12.40 | Travel: | $ 241.85 |
| Tolls | $ 120.00 | Parking: | $ 108.00 |
| Lexis/Westlaw | $ 475.00 | Postage: | $ 10.53 |
| Filing fees (court appearance) | $ 30.00 | | |

**Hourly Rates:**                         **Hours Billed:**
Attorney:          $ 475.00              70.0
Legal Assistant:   $ 125.00              0.3
No charge:                               0.5

SEIDEL LAW FIRM
6505 W. Park Blvd., Ste. 306
Plano, Texas 75093
Telephone: (214) 234-2500
GENERAL COUNSEL FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MANSFIELD BOAT AND RV** | § | CASE NO: 18-33926-HDH-7 |
| **STORAGE, LLC** | § | |
| | § | Chapter 7 |
| | § | |
| **DEBTOR** | § | |
| | § | |

**SEIDEL LAW FIRM'S FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS GENERAL COUNSEL FOR THE TRUSTEE AND REQUEST FOR PAYMENT OF SAME**

**NOTICE**

**NO HEARING HEREON WILL BE CONDUCTED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE COURT AT THE UNITED STATES BANKRUPTCY COURT LOCATED AT 1100 COMMERCE STREET IN DALLAS, TEXAS 75242, BEFORE 4:00 P.M. ON AUGUST 21, 2020, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OF MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE HARLIN D. HALE, CHIEF U.S. BANKRUPTCY JUDGE:

**COMES NOW** Seidel Law Firm (hereinafter referred to as *"Applicant"*), General

Counsel to Scott M. Seidel, Trustee herein (hereinafter referred to as *"Trustee"*), and files this its

First Interim Application for Allowance of Fees and Reimbursement of Expenses as General Counsel for the Trustee and Request for Payment of Same (hereinafter referred to as the *"Application"*) and in support thereof would respectfully state to this Honorable Court the following:

## 1. INTRODUCTION

1. An Order Granting the Trustee's Application to Employ Seidel Law Firm *Nunc Pro Tunc* to May 23, 2019 was entered on November 15, 2019 approving the employment of Seidel Law Firm as general counsel for the Trustee as of May 23, 2019 pursuant to Sections 105, 330, 331, and 506(c), et al., of the United States Bankruptcy Code and Rule 2016 of the Bankruptcy Rules of Procedure (Doc. No. 211). The Trustee is the owner and a member of Seidel Law Firm.

2. By this Application, Seidel Law Firm seeks payment and allowance, pursuant to sections 327(a), 328(a) and 330 and 506(c) of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et al and Federal Bankruptcy Rule 2016 of the fees and expenses as Trustee's general counsel from May 23, 2019 through July 30, 2020.

3. Seidel Law Firm has neither received a retainer nor sought or obtained any interim fees or expenses in this Bankruptcy Case.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Application involves a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. PROCEDURAL BACKGROUND

6. On December 3, 2018, Mansfield Boat and RV Storage, LLC (the *"Debtor"*) filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. The matter was converted by Order of this Court on April 5, 2019 and Scott M. Seidel was appointed as Trustee of the estate (the *"Trustee"*) and continues to serve in that capacity.

## IV. SUMMARY OF PROFESSIONAL SERVICES RENDERED

7. Applicant now makes this its First Interim Application for Allowance of Fees and Expenses for professional services rendered and for reimbursement of actual and necessary costs and expenses incurred. The Chapter 7 Trustee in this bankruptcy case has been provided a copy of this application to review and has approved the application for filing with the Court.

8. As more fully detailed below, applying the established standards for allowances under Section 330 of the Bankruptcy Code, particularly those summarized in *In Re First Colonial Corp.*, 545 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977), reasonable compensation for the actual, necessary services rendered by Applicant during the period covered by the First and Final Application, from May 23, 2019, through July 30, 2020, amounted to $34,285.28. The chapter 7 estate account currently has $19,411.97.

9. Applicant's request for compensation for professional services is based on detailed records of time expended, which records are kept concurrently with the rendering of services. All the professional services for which judicial recognition and compensation is requested by Applicant for the period covered by this Application were rendered solely in connection with this case and solely on behalf of the Trustee in charge of Applicant's professional responsibilities detailed below, and were actual and necessary services in such regard. The amount requested for professional services is based on the time, nature, extent and

value of such services, and the cost of comparable services other than in a case under this title, and was computed by multiplying the actual time devoted to those services by Applicant's standard hourly billing rates, considering all of the compensation criteria factors set forth in *In Re First Columbia Corp.*, 545 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). All expenses for which reimbursement is sought were actual and necessary expenses incurred by Applicant during the period covered by this Application.

10. Applicant has not shared or agreed to share any portion of the above described compensation for reimbursement with any other person. Applicant is owned by the Trustee.

11. Applicant does not hold or represent and has not held or represented at any time during its representation of the Trustee any interest adverse to the estate, and is and has been at all times a disinterested party, and obviously is the Trustee's own law firm.

## V. OVERVIEW OF APPLICANT

### A. ORGANIZATION OF WORKLOAD

12. Applicant organized its workload to be able to provide, in as cost-effective a manner as possible, the professional services provided below, namely:

 (a) Appearing and responding on behalf of Trustee in the necessary applications, motions, answers, orders, reports and other legal papers;

 (b) Representing Trustee in matters on behalf of the bankruptcy estate;

 (c) Sale of estate assets, resolution of objection to the sale.

13. Applicant has organized a staff of highly competent professionals. In numerous instances, work of a high order of skill and proficiency, which in some firms would probably be handled by attorneys or legal associates, was delegated to staff and/or paralegals who could

perform the required tasks just as efficiently and properly, thereby minimizing the applicable billing rates and overall costs of those services.  Applicant did not charge the Estate for information exchange that is typically charged by law firms among their own personnel.  In addition, as the Applicant serves as a panel trustee, the need to charge the estate for communication between Applicant and Chapter 7 Trustee is eliminated and substantial fees are obviated.  Case management is efficient and effective without incurring additional costs to the estate.

14. Overall supervision and coordination of Applicant's work was performed primarily by one member of the Applicant firm, Scott M. Seidel.  Mr. Seidel possesses significant training, experience and skill in the areas of bankruptcy litigation and administration.

15. In addition, Applicant, on a limited basis, utilizes the services of a number of other professionals, either because of their specialized knowledge in critical areas, e.g., securities law, corporate finance, tax and emergency litigation procedures.

16. Applicant also follows the general practice of utilizing legal assistants to the fullest extent feasible as a manner of relieving the attorney from the burdens of ministerial and clerical tasks, and thereby minimizing the costs of its services.  Ordinary course of business services are not charged to the estate or Trustee.

### B. APPLICANT'S STANDARD BILLING PRACTICES

17. Applicant assigns standard hourly billing rates to all attorneys, paralegals and legal staff.

18. Attached hereto as Exhibit "A", is a detailed listing of the time charged by Applicant for services provided to the Trustee during the period covered by this Application.

The listing specifically identifies, by initial, the attorney and professional who worked on each matter, and shows the hours expended. The amount of Applicant's request for legal fees is predicated on its time charges, as set forth in Exhibit "A" and summarized on the final page of Exhibit "A". Applicant rarely includes all time spent on communication in a matter on the listing of services, as quick emails and short telephone calls such as those placed where the party does not answer and a message is left, are considered by Applicant as part of the longer original email or the subsequent phone call. Time expended that is considered within the realm of Trustee time is listed at no cost to the estate and designated by a "T" for clarity.

19. Applicant also maintains regular records in its accounting department of all out-of-pocket expenses incurred on behalf of clients. Any expenses, which would also be itemized in Exhibit "A", including but not limited to expenditures for photocopies, telephone, telex, deliveries, special postage, court costs, filing fees, Lexis and Westlaw computer research time, travel, and parking are the actual and necessary expenses incurred by Applicant in connection with its services on behalf of the Trustee during the period covered by the Application.

## VI. DESCRIPTION (SUMMARY) OF SERVICES PROVIDED BY APPLICANT

20. The services performed by Applicant for Trustee during the period involved herein were dedicated to case management including liquidating assets and reviewing, analyzing and resolving objections to the sale. The attached invoice describes the specific actions undertaken by Applicant, the staff members involved, and the amount of time expended.

## V. DESCRIPTION (SUMMARY) OF SERVICES PROVIDED BY APPLICANT

21. These narrative summaries reflect that Applicant performed services on matters of substantial importance and in some cases, complexity, which Applicant performed with an

exceptional level of skill and efficiency.

## General and Administrative Matters

22. Applicant was employed as general counsel in this proceeding. Consequently, general counsel handled matters such as employment matters related to counsel as well as general record review. Applicant also was involved in activities including preparation of perfunctory pleadings and Orders as well as discovery and discovery disputes as well as communications with several opposing counsel, the court and active creditors and their counsel .

    Hours:   10.5

    Fee:    $ 4,882.50

## Asset Analysis and Recovery

23. This proceeding was initially filed as a Chapter 11 proceeding and Mr. Larry Reynolds was the principal. Mr. Reynolds stole over $140,000 from the DIP account, prior to Mr. Seidel's involvement, and the vast majority of time incurred was researching and attempting to recover those funds. Only $10,000.00 have been repaid by Mr. Reynolds to the estate to date, despite numerous contempt hearings. In addition, Applicant assisted the Trustee in selling a property interest to Pender Capital.

    Hours    20.2

    Fee:    $ 9,357.50

## Court Appearances

24. The Applicant has had to spend a great deal of time at Court appearances, including preparing for same. There have been approximately 7 contempt hearings and numerous other hearings and a contested Sale hearing. Applicant's efforts resulted in the recovery of

$19,000 .

      Hours     34.6

      Fee:   $ 16,435.00

Professional's Employment and Compensation

25.    Applicant has not previously submitted an Application for Fees or Expenses in this matter in the 14 months the case has been in progress. Over that period of time, Applicant has incurred time in preparation of its Fee Application and case billing that is commensurate or reduced compared with Applicants who submit multiple interim fee applications. Applicant has not previously filed an application for compensation as it was committed to perform all duties required and expected of general counsel to ensure funds would be infused into the estate.

      Hours:    5.5

      Fee:   $ 2,612.50

## VII.  REQUEST FOR COMPENSATION

26.    The foregoing recitals describe the highlights of the professional services rendered by Applicant in the Chapter 7 proceeding from May 23, 2019, through July 30, 2020. Applicant respectfully submits that it rendered necessary, skilled and valuable legal services to the Trustee. Applicant was faced with demands requiring Applicant and its staff to devote time to services on behalf of Trustee.

    (1)    <u>Time and Labor Required</u>.

Applicant's partners, associates and staff have expended 70.8 hours of professional legal services in representing Trustee in this case during the period May 23, 2019 through July 30, 2020. This estimate of time expended, as noted above, is derived from

Applicant's records. Annexed to this Application as Exhibit "A" is a summary of the hours Applicant has devoted in rendering the legal services for the Trustee in this proceeding. These summaries were prepared for the convenience of the Court. The Applicant uses staff whenever possible to minimize costs to the estate and considers the staff usage as normal course of business to the law firm.

    (2)  <u>Novelty and Difficulty of the Questions</u>.

    This case was difficult due to the long history of litigation and the behavior of the principal of the Debtor.

    (3)  <u>Skill Requisite to Perform the Legal Services Properly</u>.

    Applicant qualifies as an expert in the field of bankruptcy law and submits that by virtue of the experience of its members in complex bankruptcy cases, it has been able to accomplish its objectives in an efficient and effective manner.

    (4)  <u>Preclusion of other Employment by the Attorneys Involved</u>.

    Representation did not preclude the availability of its members for employment on other matters.

    (5)  <u>The Customary Fee</u>.

    The hourly rates charged for Applicant's members and professionals are within the range of those customarily charged by attorneys with similar experience in Dallas. Applicant has had to advance its own cash to pay required costs without any prior payment.

    (6)  <u>Whether the Fee is Fixed or Contingent</u>.

    Applicant's compensation has been contingent upon the availability of sufficient funds existing in the estate.

(7) <u>Time Limitations Imposed by Client or Other Circumstances</u>.

Applicant did not find it necessary to expend time on a priority or emergency basis.

(8) <u>The Amount Involved and the Results Achieved</u>.

Applicant's petition for allowance covers approximately twenty-one months. Applicant successfully liquidated undisclosed causes of action.

(9) <u>The Experience, Reputation and Ability of the Attorneys</u>.

Applicant has participated in and legally represented debtors, creditors, trustees, creditor committees and other interested parties in numerous Chapter 7, 11 and 13 proceedings. Mr. Seidel, with over thirty-three years of bankruptcy experience has served as Trustee's Counsel in hundreds of separate bankruptcy proceedings in this district. Mr. Seidel serves as a member of the United States Bankruptcy Trustee Panel for the Northern District of Texas, Dallas Division for 33 years. Applicant has an excellent reputation in the legal community and its members are considered very capable. Its members participate annually in numerous seminars and continuing education courses in the bankruptcy field.

(10) <u>The Undesirability of the Case</u>.

This case would not be considered undesirable.

(11) <u>The Nature and Length of the Professional Relationship with the Client</u>.

Applicant's representation of the Trustee commenced May 23, 2019.

(12) <u>Awards in Similar Cases</u>.

Allowances to attorneys on a time charge only, without full consideration of the foregoing twelve factors to be applied in the awarding of a full and final fee, have

heretofore been allowed and awarded by other Bankruptcy Courts in this District in bankruptcy cases within the range of hourly charges as set forth in the Applicant's Petition. Applicant has been awarded fees by this Bankruptcy Court in other proceedings at the standard hourly fees applied for herein.

27.     Exhibit "A", which is a detailed and summary of Applicant's time records, contains a schedule of the services rendered in this case on behalf of Applicant in representing the Trustee, including a breakdown of the hours expended, and shows the computation of the dollar value thereof.

WHEREFORE, Applicant respectfully requests that after notice it be allowed, for the period of May 23, 2019 through July 30, 2020, the sum of $34,285.28 ($ 33,287.50 in fees and $ 997.78 in expenses) and that the Applicant have such other and further relief to which it may be justly entitled.

Respectfully Submitted,

SEIDEL LAW FIRM
*/s/ Scott M. Seidel*
Scott M. Seidel, Esq.
Texas Bar No.  17999450
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
Telephone: (214) 234-2500
Email: scott@scottseidel.com
GENERAL COUNSEL FOR THE TRUSTEE

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above via Electronic Mail to the United States Trustee, the Debtor's counsel and all parties who received ECF service in this case on this 31st day of July 2020.  Parties below who do not receive electronic notification in this case were mailed a Summary of this Application via US mail postage pre-paid on the 31st day of July 2020.

                                                                         */s/ Scott M. Seidel*

## ATTORNEYS' CERTIFICATION OF SEIDEL LAW FIRM'S
## FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES

Seidel Law Firm (herein before referred to as "Applicant"), submits this Attorneys' Certification of Seidel Law Firm's First Interim Application for Allowance of Fees and Expenses (the "Application"), stating as follows:

1. Scott M. Seidel is the Certifying Professional for the above-captioned case.

2. The Certifying Professional hereby states that:

   a. He has read the Application;

   b. To the best of his knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals; and

   c. The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the Applicant and generally accepted by the Applicant's clients.

   d. The Chapter 7 Trustee in this case has reviewed and approved this application for filing.

*/s/ Scott M. Seidel*
Scott M. Seidel, Esq.