Norred V. Norred | State Bar No. 24045042
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | warren@norredlaw.com
Attorney for Larry Reynolds

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re:
Mansfield Boat and RV Storage, LLC,

    Debtor,

Case No. 18-33926-hdh7
Chapter 7

**LARRY REYNOLDS'S MOTION TO REQUIRE THE
TRUSTEE TO ABANDON PROPERTY OF THE ESTATE**

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING 1100 COMMERCE ST., RM. 1254 DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON AUGUST 11, 2021, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

    Larry Reynolds files this *Motion to Require the Trustee to Abandon Property of the Estate* ("Motion") under 11 U.S.C. 554(b) and Federal Rule of Bankruptcy Procedure 6007(b), which gives the Court the authority to order the abandonment of property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

1. On December 3, 2018, Mansfield Boat and RV Storage, LLC ("Mansfield") filed a chapter 11 petition in the above-captioned bankruptcy proceeding (Doc. 1).

2. On April 8, 2019, the Court entered an order converting the case to chapter 7 (Doc. 98).

3. Scott M. Seidel is the chapter 7 trustee administering this case ("Trustee" or "Seidel").

4. On December 18, 2018, Mansfield scheduled claims against Pender Capital on Line 74 of Schedule A/B "Counterclaim for DTPA and Fraud" as potential assets of the estate ("Pender Claim") (Doc. 29). The Pender Claim was further clarified on Mansfield's Amended Schedule A/B as "Counterclaim for DTPA and Fraud and tortuous interference v. Pender (amount requested $1,000,000, Value unknown" (Doc. 51).

5. Reynolds is not aware of any claims, lawsuits, or demands made against Pender Capital in connection with the Pender Claim listed on Mansfield's schedule. In fact, Reynolds has repeatedly inquired as to Mr. Seidel's interest in assigning, pursuing, abandoning, or selling the Pender Claims since at least April 1, 2021.

6. Based on the lack of interest in the Pender Claims by Mr. Seidel, Reynolds sought to have the Pender Claims abandoned so that he could pursue these items.

7. More than two years have passed since this case was converted to chapter 7 and Seidel appointed trustee. Seidel has collected funds from several sources, but had taken no action on the Pender Claims until Reynolds urged their abandonment in a draft of this motion and requested conference on July 14, 2021. Seidel's response was that he was opposed to the abandonment, and followed up that response on July 16 with an announcement of a full-fledged auction between Reynolds and Pender, the creditor represented by Land Murphy and also Seidel in this case.

8. Reynolds has sought to obtain these claims in settlement in this case for months, but only during this most recent communication with Seidel and facing this motion to abandon did the Seidel act as though the Pender Claim had value, acting all this time as though the claim (1) was burdensome to the estate or (2) was of inconsequential value and benefit to the estate.

9. What this series of events reveals is that Seidel's counsel, Land Murphy, has acted to benefit his brother-owned company, Pender Capital, a creditor and adversary in this bankruptcy and a number of cases concerning Reynolds and the debtor. Murphy has advised Seidel and acted to ensure that the estate did not dispose of the claims or allow them to be useful to Reynolds.

10. Seidel has allowed Murphy and his real client, Pender Capital to hold onto these claims because the wrongful foreclosure would be helpful to the ongoing case against successor organizations in *MBRV I, LLC, et al., v. Larry J. Reynolds*, in Cause No. 48-315357-20, before the 48th District Court in Tarrant County, Texas (or even a new suit against Pender).

11. Now, at the end of the bankruptcy when the true debt owed by the estate is less than $3000 (ignoring the unnecessary explosion of legal fees claimed by Seidel and Murphy), Seidel announces an auction by email on July 16, 2021, with the phrasing, " Thank you both for pointing out this asset," as though Reynolds has never made him aware of his desire for the asset. Then he follows with the following announcement:

> It is my intention not to abandon but to sell the estate's interest in the claims against Pender. I have a $10,000 deposit from Pender, who has offered $20,000 for the claims. I am working on a Motion to Sell and envision a requirement of a $10,000 good faith deposit from any court approved interested buyer, refundable only should the court tell me to return the funds or I not be prepared to close or if they are approved but not the successful bidder. The deposit is due in 2 weeks by cashier's check delivered to my address below. The sale will be without warranty or recourse and a "quit claim" of the estate's claims against Pender. Please let me know if you have any questions or comments. I am around to discuss.

See Exhibit 1, attached.

12. Though Seidel and Murphy refused to discuss sale of the claims against Pender many times, Seidel thus claims that he has suddenly learned of their value, has developed a plan for selling the Pender Claim, and has already received a $10,000 deposit from his own attorney, who happens to be the party most hostile to Reynolds and has benefitted by the fact that the Pender Claim has been tied up in this bankruptcy estate for two years.

13. Seidel's behavior in this matter militates against any conclusion that he is acting to maximize the estate or faithfully discharge his duties. Certainly his hired counsel has purposefully acted to capitalize on Reynolds's errors, creating a narrative that Reynolds is a deliberate thief, though Pender filed its proof of claim for more than $7 million...a month *after* Pender foreclosed on the securing real property and the debt had been *eliminated*.[1]

14. Besides the Pender-associated debt that was eliminated in March of 2019 but was the basis of a $7 million imaginary proof of claim, the real debt associated with this bankruptcy has never been more than a few thousand dollars. But that has not stopped Land Murphy to "advise" Scott Seidel in this case to keep this case alive and not challenge any claims[2], leaving parties in interest to eliminate the phantom debts. But Murphy and Seidel have continued to support a narrative which successfully resulted in the imprisonment of Larry Reynolds for six months while they use every possible excuse to drain this bankruptcy of any potential payout back to the debtor, while also conspiring to keep Reynolds as vulnerable as possible.

15. What appears clear is that the trustee ignored Reynolds's prior inquiries into the claims until this motion was drafted, and now acts to deprive Reynolds at breakneck speed in an open partnership to deprive him of the claims he has sought for months.

---

[1] Reynolds is considering a motion for sanctions against Pender and Murphy under Rule 11 for the meritless proof of claim filed. The history of this case suggests that such a motion will be used to justify more attorney fees to be claimed and the estate deprived further, and delay the resolution of this case even longer.

[2] In the present case, Reynolds and his wife have objected to multiple claims, all of which either have been adjudicated in favor of eliminating claims or are on their way to doing so, with the result that the only substantive claims are attorney-trustee claims for prosecuting Reynolds over the unpermitted transfer occurring early in the case.

16. The undersigned is aware that the Pender Claim is valuable only to Pender (again, which is owned in part by the brother of Land Murphy, the trustee's attorney in this case) and Larry and Janice Reynolds. Based on the unclean hands of Murphy and by extension his client, the trustee, it would be grossly unfair for the Court to reward their behavior and now, two years into the case, to suddenly discover the Pender Claim has value and play these games.

17. The Court can also observe that Pender and the trustee will continue to be paid for all their time fighting over even this motion to abandon, and then get back all the money that they pay for litigating the issue from the estate.

18. Maybe the right answer was an earlier auction, conducted when the Pender Claim was identified, or should have been. But at this point, the Court should not reward a litigant wearing at least three hats (trustee's attorney, creditor, and now bidder for claims), and wearing those hats to expertly bleed the estate dry.

19. Therefore, Reynolds asks this Court to enter an Order providing that the trustee shall abandon the Pender Claim.

20. Larry Reynolds reserves his right to amend this motion any time before it is heard.

WHEREFORE, PREMISES CONSIDERED, Larry Reynolds prays that the Court enter an Order providing that the trustee shall abandon the Pender Claim, as well as general relief.

Respectfully submitted:

By: /s/ Warren V. Norred
Warren V. Norred, State Bar No. 24045042, warren@norredlaw.com
Norred Law, PLLC
515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Larry Reynolds

**CERTIFICATE OF CONFERENCE**

  I hereby certify that my office contacted Mr. Seidel regarding the relief sought in this motion. He indicated that he opposed the relief sought by the motion.

                  */s/ Warren V. Norred*
                  Warren V. Norred

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 21, 2021, a true and correct copy of the above document shall be served via electronic means, if available, and by regular, first-class mail, to:

*Via CM/ECF and US Mail to Claimant(s)*:
 Pender Capital Asset Based
 Lending Fund I, LP
 c/o Eric M. English
 Porter Hedges LLP
 Houston, TX 77002

*Via CM/ECF to Chapter 7 Trustee*:
 Scott M. Seidel
 6505 W. Park Blvd., Suite 306
 Plano, TX 75093

*And all via regular, first-class mail to those on the creditor matrix which is attached.*

                  */s/ Warren V. Norred*
                  Warren V. Norred

**DECLARATION OF WARREN V. NORRED**

My name is Warren V. Norred, and I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

1. I have served as counsel for Larry Reynolds in the above-referenced suit since 2020.

2. Exhibits 1 and 2 come from my email storage. I can recall receiving the email that is provided as Exhibit 1 from Scott Seidel and sending the email provided as Exhibit 2. Both are true copies from my email, which I generally maintain as business records until a case is closed and at least two years have passed.

3. The factual allegations in the above Motion to Abandon are accurate to the best of my understanding.

Executed on July 20, 2021,

   *[signature]*
   Warren V. Norred

## EXHIBIT 1

**RE: Case No. 18-33926-hdh7; Mansfield Boat and RV Storage, LLC - Abandonment of Claim**
1 message

Scott <scott@scottseidel.com>  Fri, Jul 16, 2021 at 2:25 PM
To: Clayton Everett <clayton@norredlaw.com>
Cc: Warren Norred <wnorred@norredlaw.com>

Thank you both for pointing out this asset.

It is my intention not to abandon but to sell the estate's interest in the claims against Pender.

I have a $10,000 deposit from Pender, who has offered $20,000 for the claims.

I am working on a Motion to Sell and envision a requirement of a $10,000 good faith deposit from any court approved interested buyer, refundable only should the court tell me to return the funds or I not be prepared to close or if they are approved but not the successful bidder.

The deposit is due in 2 weeks by cashier's check delivered to my address below.

The sale will be without warranty or recourse and a "quit claim" of the estate's claims against Pender.

Please let me know if you have any questions or comments. I am around to discuss.

Scott Seidel

SEIDEL LAW FIRM

*Mailing address only:*

6505 W. Park Blvd., Ste 306

Plano, Texas 75093

## EXHIBIT 2

**From:** Warren Norred <wnorred@norredlaw.com>
**Sent:** Thursday, April 1, 2021 4:11 PM
**To:** Scott <scott@scottseidel.com>
**Cc:** Clayton Everett <clayton@norredlaw.com>; Murphy, Land <lmurphy@skv.com>; Scott Seidel <scott.seidel@earthlink.net>; Eric M. English - Porter Hedges LLP <eenglish@porterhedges.com>
**Subject:** Re: Bankr. 18-33926, Adv. 20-03174, Seidel vs. Janice Reynolds et al. - Settlement Offer under Rule 408/ settlement discussions

Scott,

This is what I have as a counter:

1. Payment of $50K to Trustee
2. Withdrawal of objection to SPS settlement
3. Release of Janice Reynolds
4. Release of Larry Reynolds
5. Assignment of claims against Cho to Larry
6. **Assignment of claims concerning the foreclosure to Larry**
7. Position statement of neutrality by your office and the estate regarding the residential lot dispute.

I will assume that we should just plan on continuing with the charade.

Happy Easter,
Warren

(Red rectangle added for emphasis.)

# United States Bankruptcy Court
## Northern District of Texas
### Dallas Division

| | |
|---|---|
| In re:<br>Mansfield Boat and RV Storage, LLC,<br><br>Debtor(s), | Case No. 18-33926-hdh7<br>Chapter 7 |

### ORDER GRANTING LARRY REYNOLDS'S MOTION TO REQUIRE THE TRUSTEE TO ABANDON PROPERTY OF THE ESTATE

The Court ORDERS as follows:

Scott Seidel, the duly appointed Chapter 7 Trustee, is ORDERED to abandon the Pender Claims (as defined in the Motion).