Norred V. Norred | State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | warren@norredlaw.com
Attorney for Larry Reynolds

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br>Mansfield Boat and RV Storage, LLC,<br><br>Debtor(s), | Case No. 18-33926-hdh7<br>Chapter 7 |

**LARRY REYNOLDS'S MOTION FOR RELIEF FROM THE AUGUST 3, 2020 FINAL JUDGMENT ON CONTEMPT ORDERS AGAINST LARRY REYNOLDS (DOC. 265), OR ALTERNATIVELY, MOTION TO ALTER THE FINAL JUDGMENT**

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

Larry Reynolds files this *Motion for Relief from the August 3, 2020 Final Judgment on Contempt Orders (Doc. 265), or Alternatively, Motion to Alter the Final Judgment* under Federal Rules of Civil Procedure 60, made applicable in this bankruptcy proceeding under Federal Rules of Bankruptcy Procedure 9024. Larry Reynolds would respectfully show the Court as follows:

<u>Summary</u>

Larry Reynolds asks the Court for relief from the final judgment entered by this Court on August 3, 2020 (Doc. 265). At the time the judgment was rendered, Larry Reynolds no longer had legal representation in these proceedings. Additionally, subsequent events have taken place since the entry of the order that makes applying the judgment prospectively no longer equitable. The nearly completed tale of this bankruptcy shows that Larry Reynolds made an error, but the price he has paid far exceeds anything that could colorably be considered reasonable.

In light of the eliminated claims and the penalties already paid by Reynolds, this Court should re-examine its Order discussed in accordance with Rule 60(b)(5).

Background Facts

1. On December 3, 2018, Mansfield Boat and RV Storage, LLC ("Mansfield") filed a chapter 11 petition in the above-captioned bankruptcy proceeding (Doc. 1).

2. At the time of filing, attorney Herman Lusky represented Mansfield as bankruptcy counsel, and his employment was approved by the Court on January 14, 2019 (Doc. 39).

3. On March 5, 2019, creditor Pender Capital Asset Based Lending Fund I, LP ("Pender") filed motions for sanctions and contempt against the Debtor and Larry Reynolds (Docs. 67, 68). Throughout these proceedings, Pender has been represented by Eric M. English of the firm Porter Hedges LLP and Garland D. Murphy IV of the firm Smyser Kaplan & Veselka, L.L.P.

4. On April 1, 2019, the United States Trustee moved to convert the case to chapter 7 (Doc. 85). On April 8, 2019, the Court entered an order converting the case to chapter 7 (Doc. 98).

5. On April 3, 2019, the Court held a hearing on the motions for sanctions and contempt. The Court held Larry Reynolds in contempt of court and issued a show cause why he should not be sanctioned. (See entry on docket dated May 3, 2019.)

6. On April 7, 2019, Pender filed its proof of claim (Claim 4-1) for a secured claim exceeding $7 million against Mansfield's real property. Claim 4-1 was signed by Zach Murphy, the brother of Garland V. Murphy, counsel for Pender and trustee's counsel.

7. Claim 4-1 was objectively false when filed because a foreclosure had already occurred in March 2019. Furthermore, at no time thereafter did either Garland V. Murphy or Zach Murphy take any steps to cause Pender to withdraw Claim 4-1. As a result of this inaction—and nearly two years later—Janice Reynolds, as an interested party, had to file an objection to Pender's claim in order have the claim rendered disallowed.

8. As discussed below, the ongoing presence of this huge claim allowed Pender, acting through Land Murphy as the Trustee's counsel, to weave an ongoing narrative that Reynolds was a criminal warranting this Court's harshest treatment.

9. On April 8, 2019, the case was converted to chapter 7 (Doc. 98).

10. On April 16, 2019, the Court held a hearing on its show cause against Larry Reynolds. On April 24, 2019, the Court ordered Larry Reynolds to, among other thing, pay $96,306 to Scott Seidel, Chapter 7 Trustee, $45,000 to Scott Seidel, Chapter 7 Trustee, and $29,994 to Pender Capital ("Sanctions Order") (Doc. 112).

11. After the Sanction Order was entered, from a period of approximately June 2019 until the end of September 2019, Larry Reynolds was represented by attorney Glenn R. Snyder.

12. On July 15, 2019, the Court entered another order finding Larry Reynolds in civil contempt (Doc. 130). Mr. Snyder filed a motion to reconsider this order on Larry Reynolds' behalf on July 29, 2019 (Doc. 135 and 139). After the hearing on the motion to reconsider, the Court took the matter under advisement on August 5, 2019.

13. By August 9, 2019, attorney Glenn R. Snyder filed his motion to withdraw as attorney for the Larry Reynolds (Doc. 149).

14. On August 22, 2019, the Court entered its Fourth Order Finding Larry Reynolds in Civil Contempt of Court ordering Mr. Reynolds to appear on September 19, 2019 to show cause why he should not be subject to further sanctions, including confinement (Doc. 151).

15. On August 23, 2019, the Court denied Reynolds' motion to reconsider.

16. On September 19, the Court granted Mr. Snyder's withdraw effective September 26, 2019. (See entry on docket dated September 19, 2019.) An order granting Mr. Snyder's motion to withdraw was entered on September 27, 2019.

17. Also on September 19, 2019, the Court issued a bench warrant. (See docket entry dated September 19, 2019).

18. On September 20, 2019, the Chapter 7 Trustee Scott Seidel filed the application to employ Eric English and Garland Murphy IV ("Order Employing Mr. Murphy") (Doc. 171). No hearing was conducted on the application, and the order employing Mr. Murphy was entered on December 11, 2019.

19. The record shows that Larry Reynolds, individually, was not represented by counsel at the time the original Sanctions Order was entered or at the time the bench warrant was entered.

20. Larry Reynolds was picked up during a routine traffic stop just before Christmas. Judge Boyle decided, based mostly on this Court's previous orders and in spite on actual surgery scheduled for Reynolds, that he was a flight risk, and kept him detained, pending trial. Due to COVID-19 and the backup of the judiciary, Reynolds was faced with pleading guilty and serving a sentence up to six months or maintaining his innocence and remaining detained for potentially years while the judiciary unwound. Reynolds pleaded guilty and Judge Boyle predictably sentenced him to six months.

## Arguments and Authorities

21. Rule 60(b)(5)-(6) provides this Court with the opportunity to revisit and alter a judgment when "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

22. As long as a court has jurisdiction over the case, it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. *Melancon v. Texaco*, Inc., 659 F.2d 551, 553 (5th Cir. 1981).

23. Generally, sanctions orders are not final but interlocutory orders subject to a bankruptcy court's review. *Portfolio Recovery Assocs., LLC v. Lopez (In re Lopez)*, No. 7:15-CV-526, 2016 U.S. Dist. LEXIS 117838, at *7 (S.D. Tex. Sep. 1, 2016).

24. The basic principle governing sanctions is that the least severe sanction to serve the purpose should be imposed. *Thomas v. Capital Sec. Serv. Inc.*, 836 F.2d 866, 883 (5th Cir. 1988) (en banc). Additionally, the basis and justification for sanctions must be discernible from the record. *Id.* The primary purpose in awarding sanctions is to deter, not to compensate. *Id.* at 883.

25. When imposing monetary sanctions, the Court must provide sufficient detail to show how the fees, expenses and damages were calculated and were caused by a party's conduct. *Midwest Properties No. Two. v. Big Hill Inv. Co.*, 93 B.R. 357, 364 (N.D. Tex. 1988).

26. The Sanction Order is interlocutory, because it does not finally dispose of the bankruptcy case as the assets of the estate have yet to be administered. *See In re Lopez*, 2016 U.S. Dist. LEXIS at *7. Moreover, the Sanction Order appeared at the time of its entry to be designed to force Reynolds to comply with the Debtor's cash collateral order and not to render the conclusion of the estate or an adversary proceeding. *Id.* Therefore, the Sanction Order is reviewable for cause by this Court.

27. The justification of the Sanction Order is difficult to discern from the record. The Sanction Order does not appear serve the purpose of deterrence, but instead to compensate participating attorneys. The Sanction Order awarded the following:

    a. $96,306 to Scott M. Seidel the Chapter 7 Trustee;

    b. $45,000 to Scott M. Seidel the Chapter 7 Trustee; and

    c. $29,994 to Pender.

28. The award of $45,000 to Mr. Seidel appears to relate to the amount that was transferred from the Debtor's account to pay non-Debtor expenses. The Sanction Order does not show or state the basis for the additional amounts to Mr. Seidel and Pender. On their face, the additional amounts appear to be in significant excess of the Debtor's representative's alleged misconduct *and* the amounts owed by the Debtor to its creditors known at the time. The additional amounts award also appear to be unreasonable to compensate Mr. Seidel for any fees incurred because of the transfer. Moreover, events after entry of the Sanction Order show that the estate has collected more than $100,000 from various interested parties.

29. The Sanction Order is unclear as to why Pender would be entitled to recover *any* sanctions against Reynolds. Such award to Pender was without legal justification. This is especially troubling because Pender had already exercised its rights to foreclose against its fully secured claim in March 2019. Pender had been made whole on its claim a full month before the Sanction Award. Nevertheless, Pender filed its bogus proof of claim.

30. The record does not appear to show how Pender would be entitled to an awarded of any fees beyond its interest in the collateral. Furthermore, to the extent these additional amounts could have been awarded for attorney's fees, such fees are unreasonable, unnecessary, and duplicative to the work done by Mr. Seidel as the Chapter 7 Trustee.

31. The purpose of the Sanction Order does not serve the primary purpose of deterrence. The Sanction Order was entered after the case was entered, in part, to force Reynolds to comply with a cash collateral order during the chapter 11 proceedings. However, the Sanction Order was entered on April 24 almost two weeks *after* the case had been converted to a chapter 7 on April 8, 2019. By the time the Sanction Order was entered, the primary purpose of the deterrence could no longer be justified by the Sanctions Order. *See Thomas*, 836 f.2d at 883.

32.     Finally, the Court should revisit the equity of the Sanction Order considering recent events; Reynolds served six months in jail for his conduct described in the Sanction Order. This imprisonment must be equitably considered in accessing the continuing merit of the Sanction Order, as well as the additionally awarded additional fees summarized below:

| Applicable Order | Amount to Trustee | Amount to Pender | Total |
|---|---|---|---|
| First Contempt Order | $96,306 | | $96,306 |
| Second Contempt Order Lump Sum[1] | $45,000 | $29,994 | $74,994 |
| Second Contempt Order Daily Penalty | $31,600 (which is 312 days * $100)[2] | | $31,600 |
| Seventh Contempt Order | | $89,336.69 | $89,336.69 |
| Payments from Mr. Reynolds | $11,911.93 | | |
| Total | $160,944.07 | $119,330.69 | $280,324.76 |

33.     It is particularly worth noting that the claims of the estate are paltry in comparison to the contempt fees awarded in this case. To total claims owed by the estate are as follows[1]:

| Creditor | Claim No | Amount |
|---|---|---|
| Mansfield ISD | 1-2 | $73.60 |
| Tarrant County | 2-3 | $62.35 |
| ~~IRS~~ | ~~3-1~~ | ~~$33,700.00~~ |
| ~~Pender~~ | ~~4-1~~ | ~~$7,369,061.79~~ |
| Mansfield ISD | 5-4 | $95.50 |
| US Trustee | 6-1 | $2,926.28 |
| Tarrant County | 7-3 | $88.65 |
| **Total w/o Pender, IRS** | | **$3,246.38** |

---

[1] The Pender claim has been disallowed per the order on Janice Reynolds's objection to claim (Doc. 295). The IRS claim has been objected to and served on the IRS on July 16, 2021 (Doc. 311), and this Court issued its order disallowing the IRS claim on August 23, 2021. Neither the Trustee nor his attorney, Land Murphy, made any effort to clear these claims since they were filed.

34. Moreover, the estate has collected sums from various parties as follows:

    a. $45,000 from Janice Reynolds per an adversary settlement agreement;

    b. $7,500 from Debtor's assets (Trustee's asset report from Dec. 31, 2020)(Doc. 284);

    c. $11,911.93 from a payment by Larry Reynolds;

35. The estate here has more than adequate compensation based on the amounts collected to pay all creditors and reasonable attorney fees of the Chapter 7 Trustee, and every reasonable person looking at this case from the beginning should have seen this reality.

36. Larry Reynolds reserves his right to amend this motion before a hearing on the same.

WHEREFORE, PREMISES CONSIDERED, Larry Reynolds asks that the Court to revisit its August 3, 2020 Final Judgment on Contempt Orders Against Larry Reynolds, reducing the amounts owed to account for the more complete understanding of the case and the six months imprisonment of Larry Reynolds. Larry Reynolds prays for general relief.

Respectfully submitted:

By: /s/ Warren V. Norred
Warren V. Norred, State Bar No. 24045094
warren@norredlaw.com
Norred Law, PLLC
515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Larry Reynolds

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2021, a true and correct copy of the above document shall be served via the Court's eservice system and email:

| *Via CM/ECF and US Mail to Claimant(s)*: | *Via CM/ECF to Chapter 7 Trustee:* |
|---|---|
| Pender Capital Asset Based Lending Fund I, LP<br>c/o Eric M. English<br>Porter Hedges LLP<br>Houston, TX 77002 | Scott M. Seidel<br>6505 W. Park Blvd., Suite 306<br>Plano, TX 75093 |

*And all those parties receiving electronic services in this bankruptcy proceeding.*

                                                 */s/ Warren V. Norred*
                                                 Warren V. Norred