Norred V. Norred | State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Telephone: (817) 704-3984 | warren@norredlaw.com
Attorney for Larry Reynolds

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br>Mansfield Boat and RV Storage, LLC,<br><br>Debtor(s), | Case No. 18-33926-hdh7<br>Chapter 7 |

### LARRY REYNOLDS'S OBJECTION TO PENDER'S APPLICATION FOR ALLOWANCE OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

Larry Reynolds files his objection to the *Application for Allowance of Chapter 11 Administrative Expense Claims* ("Application") [Docket No. 363] filed by Pender Capital Asset Based Lending Fund I, LP ("Pender").

#### Summary

Larry Reynolds asks the Court to deny the Application because Pender's Application fails to establish that it is an entity entitled to an administrative claim under 11 U.S.C. § 503(b).

#### Background Facts

1. On December 3, 2018, Mansfield Boat and RV Storage, LLC ("Mansfield") filed a chapter 11 petition in the above-captioned bankruptcy proceeding [Docket No. 1].

2. On February 25, 2019, the Court entered an order granting a security interest in Mansfield's cash collateral in favor of Pender Capital Asset Based Lending Fund I, LP ("Pender") and ordering Mansfield to pay Pender $35,000 in February 2019 and each month thereafter. [Docket No. 61]. While Pender appears to claim that the monthly payments were for

"adequate protection", it is unclear from the record what the exact basis was for a monthly payment of $35,000.[1]

3. On March 5, 2019, Pender filed motions for sanctions and contempt against the Debtor and Larry Reynolds [Docket Nos. 67 and 68]. Throughout these proceedings, Pender has been represented by attorneys Eric M. English of the firm Porter Hedges LLP and Garland D. Murphy IV of Smyser Kaplan & Veselka, L.L.P.

4. Sometime in March 2019, presumably on March 5 the first Tuesday of the month, Pender foreclosed on its interest in Mansfield's real property which fully secured its claim and served as its basis for holding an interest in Mansfield's cash collateral.

5. On April 8, 2019, the Court entered an order converting the case to a proceeding under chapter 7 [Docket No. 98].

6. After the foreclosure, on April 7, 2019, Pender filed its proof of claim [Claim 4-1] for a secured claim in excess of $7 million against Mansfield's real property. This proof of claim was objectively false when filed because a foreclosure had already occurred in March 2019. Nevertheless, at no time thereafter did either Garland V. Murphy or Zach Murphy take any steps to cause Pender to withdraw Claim 4-1.[2] As a result of this inaction—and nearly two years later—Janice Reynolds, as an interested party, filed an objection to Pender's claim to have the claim rendered disallowed. Pender did not file a response to the objection to claim, and this Court entered an order wholly disallowing Pender's claim on May 17, 2020 [Docket No. 295].

7. Now—more than two and a half years later—Pender comes before this Court and requests an allowance of an administrative claim for Mansfield's failure to make its single required adequate protection payment from February 2019.

---

[1] Section 11 U.S.C. § 361 allows for periodic cash payments when "any grant of a lien under section 364 . . . results in a decrease in the value of such entity's interest in such property."

Arguments and Authorities

8. Under 11 U.S.C. § 503(a), an entity may timely file a request for payment of an administrative expense or may file a tardy request if permitted by the court for cause.

9. However, § 503(b) limits the grounds for which an administrative claim can be allowed. Examples of allowable administrative claims are:

   a. actual necessary costs and expenses to preserve the estate, such as wages;

   b. certain taxes, fines, and penalties related to a tax;

   c. compensation and reimbursement under § 330;

   d. actual and necessary expenses incurred by a creditor for certain recoverable expenses not applicable here.

10. It appears from the Application, that the basis of Pender's administrative claim is Mansfield's failure to pay February 2019's adequate protection payment. The Application does not state which provision of § 503(b) governs Pender's administrative claim. However, a cursory review of the statute would show that there is no administrative claim for adequate protection payments owed to creditors under § 503(b).

11. Moreover, it does not appear the adequate protection payments benefited the estate. Pender has not alleged facts that the adequate protection payments were designed to compensate Pender for "actual, necessary costs and expenses of preserving the estate." On the contrary, on its face, the adequate protection payments appear to mainly benefit the fully secured creditor Pender at the expense of the estate and any unsecured creditors.

12. For these reasons, Reynolds asks this Court to deny Pender's Application for an administrative claim.

13. Larry Reynolds reserves his right to amend this objection at any time before its hearing.

WHEREFORE, PREMISES CONSIDERED, Larry Reynolds asks that the Court find that Pender has acted in contempt and should be sanctioned for filing a false proof of claim and vexatious pleadings in these proceedings.

Respectfully submitted:

By: /s/ Warren V. Norred
Warren V. Norred, State Bar No. 24045094
warren@norredlaw.com
Norred Law, PLLC
515 E. Border St., Arlington, Texas 76010
O: (817) 704-3984; F: (817) 524-6686
Attorney for Larry Reynolds

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, a true and correct copy of the above document shall be served via electronic means to:

*Via CM/ECF to Claimant(s)*:
   Pender Capital Asset Based
   Lending Fund I, LP
   c/o Eric M. English
   Porter Hedges LLP
   Houston, TX 77002

*Via CM/ECF to Chapter 7 Trustee:*
   Scott M. Seidel
   6505 W. Park Blvd., Suite 306
   Plano, TX 75093

*And all those parties receiving electronic services in this bankruptcy proceeding.*

/s / Warren V. Norred
Warren V. Norred