| | |
|---|---|
| **PORTER HEDGES LLP** | **SMYSER KAPLAN & VESELKA, L.L.P.** |
| Eric M. English | Garland D. Murphy IV |
| State Bar No. 24062714 | State Bar No. 24058010 |
| Porter Hedges LLP | Smyser Kaplan & Veselka, L.L.P. |
| 1000 Main Street, 36th Floor | 700 Louisiana Street, Suite 2300 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| (713) 226-6000 | (713) 221-2300 |
| eenglish@porterhedges.com | lmurphy@skv.com |

**ATTORNEYS FOR PENDER CAPITAL**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| **MANSFIELD BOAT AND RV** | § | |
| **STORAGE, LLC** | § | **Case No. 18-33926** |
| | § | |
| Debtor. | § | |

**PENDER CAPITAL ASSET BASED LENDING FUND 1, LP'S OBJECTION TO LARRY REYNOLDS' MOTION FOR ORDER FINDING PENDER CAPITAL ASSET BASED LENDING FUND 1, LP IN CIVIL CONTEMPT OF COURT**
[Related to Docket No. 370]

**To the Honorable Judge Harlin D. Hale,**
**United States Bankruptcy Judge:**

Pender Capital Asset Based Lending Fund 1, LP ("Pender Capital") files this Objection (the "Objection") to *Larry Reynolds' Motion for Order Finding Pender Capital Asset Based Lending Fund 1, LP in Civil Contempt Of Court* (the "Motion") [Docket No. 370], and respectfully states as follows:

**OBJECTION**

1.  The Motion is baseless and should be denied for multiple reasons. Mr. Reynolds' actions and inactions—not Pender Capital's—have caused the length and cost of this case. His

1

13067047

theft of estate assets, his repeated perjury, his intentional violation of Court orders, and most recently, his filing of a spate of frivolous pleadings, have dramatically increased the duration and cost of this case. In contrast, every other party, including Pender Capital, the Trustee, the United States Trustee's office and all counsel, have all acted appropriately.

2. In particular, Pender Capital's actions have benefited the estate on multiple occasions and are laudable, not sanctionable. In fact, it was Pender Capital that exposed Mr. Reynolds' theft of over $100,000 from the estate and it was Pender Capital that filed multiple pleadings seeking an accounting and an explanation for how the funds would be paid back. Pender Capital also reviewed numerous documents from Mr. Reynolds and prepared for and handled hearings seeking recovery of the stolen funds and enforcement of the Court's orders. At every turn, Mr. Reynolds attempted to obfuscate these efforts and increased the cost to Pender Capital and the burden on this Court. Pender Capital's efforts also uncovered the facts that would later be used in the Trustee's avoidance actions against various parties. Pender Capital took all of these actions at its own cost and has not sought reimbursement from the Debtor's estate.[1]

3. Against this backdrop, Mr. Reynolds' motion seeking to hold Pender Capital in contempt is outrageous. Pender Capital's actions and the actions of its attorneys referenced in the Motion (although no relief against them appears to be sought) clearly are not sanctionable.

4. When determining whether to impose sanctions under rule 9011 of the Federal Rules of Bankruptcy Procedure ("Rule 9011"), the court incorporates an objective standard of reasonableness under the circumstances. *In re A.S.M., Inc.*, 110 B.R. 802, 806 (Bankr. W.D. Tex. 1990); *see also In re Dansereau*, 274 B.R. 686, 689 (Bankr. W.D. Tex. 2002) ("The standard used

---

[1] Pender Capital has not sought reimbursement from the estate for its legal fees, totaling in the hundreds of thousands of dollars, even though the fees are likely compensable under the Debtor's loan documents and possibly under substantial contribution or similar theories.

2

13067047

to determine whether a party made "reasonable inquiry" before filing proof of claim, so as not to be liable for Rule 9011 sanctions, is reasonableness of party's conduct under the circumstances."). Pender Capital filed its proof of claim number 4-1 to protect itself against the meritless "wrongful foreclosure" claims threatened by Mr. Reynolds and his associates. While Pender Capital believed that there was no viable basis to challenge the foreclosure sale, Pender Capital had recently uncovered Mr. Reynolds' theft of estate funds and believed that Mr. Reynolds was capable of pursuing a frivolous claim—a concern that has repeatedly been validated by Mr. Reynolds' subsequent actions.

5.      The Pender Capital proof of claim asserted the amount owed under the Debtor's loan documents "[a]s of the Petition Date" and explicitly referenced the foreclosure. *See Attachment to Proof of Claim 4-1*, ¶ 2 and n.1 ("**On March 5, 2019, Pender Capital foreclosed on the real property securing its Claim**. Pender Capital still holds an administrative claim against the Debtor's estate for, among other things, attorney's fees and ad valorem taxes that Pender Capital continues to incur post-petition to preserve value of the Debtor's estate.") (emphasis added). The proof of claim was "filed to protect Pender Capital from any potential forfeiture of its claims by reason of the bar date" and Pender Capital never concealed the fact that it had already foreclosed on the Debtor's property. *See Attachment to Proof of Claim 4-1*, ¶ 6. That fact was known to all parties and disclosed in the proof of claim. Pender Capital never sought payment or made requests of the Trustee related to this claim. And, contrary to Mr. Reynolds' assertion to the contrary, Pender Capital has not used the existence of this claim to make the case appear larger than it is. There was no reason for Pender Capital to do so.

6.      Pender Capital's rationale for filing the proof of claim was recently validated when Mr. Reynolds pursued exactly the inequitable strategy that Pender Capital feared.  In his *Motion*

3

*to Disqualify Eric M. English and Garland D. Murphy IV from Representing Scott Seidel, Chapter 7 Trustee and the Estate of Mansfield Boat and RV Storage, LLC* [Docket. No. 332] (the "<u>Motion to Disqualify</u>"), Mr. Reynolds asserted that "the foreclosure of the Mansfield property was invalid." Motion to Disqualify, ¶ 14. Mr. Reynolds sought to bid on claims against Pender Capital, including potential claims to challenge the foreclosure sale. Pender Capital ultimately prevailed in the auction for the estate's potential claims against Pender Capital but if Mr. Reynolds had prevailed Pender Capital would have faced the risk of a lawsuit to invalidate its March 2019 foreclosure. The proof of claim was intended to protect against that scenario.

7. In addition, the basis for the Motion is allegedly "for filing a fraudulent proof of claim [sic] for filing frivolous pleadings to vexatiously multiply the proceeding . . . ." As discussed above, the proof of claim was not fraudulent and Pender Capital never filed frivolous pleadings. Pender Capital's pleadings have been appropriate, and made credible arguments, many of which were accepted by this Court.

8. Mr. Reynolds also alleges that sanctions against Pender Capital are appropriate "for continuing to file pleadings in the bankruptcy proceedings when it was no longer a creditor and had received all that it was entitled to from the Debtor and the Debtor's estate." This allegation is false, as Pender Capital has held a Court-ordered administrative claim since April 2019, in addition to other potentially assertable claims. During a hearing on April 3, 2019, the Court granted, in part, Pender Capital's *Expedited Motion for an Order (I) to Enforce the Court's Cash Collateral Order; (II) Finding the Debtor and its Principals in Civil Contempt of Court; and (III) for Sanctions* [Docket No. 66]. The Court ordered the Debtor remit to Pender Capital $35,000 owed as the February adequate protection payment. *See Order Granting, in part, Motion to Enforce Cash Collateral Order* [Docket No. 94]. The parties also discussed the foreclosure and Mr. Reynolds'

4

13067047

allegations about the foreclosure sale. Pender filed its proof of claim days later. As the holder of an administrative claim and potential additional claims, Pender Capital clearly satisfies the standing requirements as a creditor and party in interest. *See* 11 U.S.C. § 1109 ("A party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter.").

9. Mr. Reynolds further argues that "Pender allowed the claim serve as an excuse to continue to pursue additional compensation from the Debtor's estate and a former principal of the Debtor for over a two-year period." Motion, ¶ 19. This allegation is false. Pender Capital has not used its proof of claim for any purpose other than to assert its potential claim. Pender Capital has never used the claim to pursue additional compensation from the Debtor's estate or from Mr. Reynolds. Pender Capital's claims against Mr. Reynolds arise not from the proof of claim, but from the Court's sanctions against Mr. Reynolds related to his refusal to return money stolen from the estate. If Pender Capital's efforts to recover those funds had been successful, all creditors would have benefited.

10. Mr. Reynolds further argues that "Pender filed approximately nine substantive pleadings against parties in this case over that period and will continue to do so, driving up litigation costs and potentially administrative costs to the estate." *Id.* The only parties against whom Pender Capital has filed pleadings are Mr. Reynolds and his associates, based on Mr. Reynolds' own contempt arising from his theft and other actions. The record clearly demonstrates that Mr. Reynolds, not Pender Capital or anyone else, has driven up litigation costs.

11. Mr. Reynolds further argues that Pender Capital has "continued vexatious litigation that has only served to enhance administrative expenses and attorney's fees and has not been in the best interest of the allowed unsecured creditors of this estate." Motion, ¶ 20. Pender Capital's actions have not been vexatious and have not increased administrative expenses or fees, as Pender

Capital is not seeking to recover its fees even though its actions have benefitted the estate. In addition, Mr. Reynolds has no standing to complain of recoveries to the unsecured creditors, as he has no allowed unsecured claim and his actions have hindered any chance for a recovery.

12. Finally, Mr. Reynolds is not entitled to the relief he seeks because he has unclean hands. The doctrine of "clean hands" instructs that one seeking equity must come to court with clear conscience and in good faith, *i.e.*, with his own hands clean. *In re Christopher*, 148 B.R. 832, 836 (Bankr. N.D. Tex. 1992). This equitable defense must bar any relief Mr. Reynolds seeks in the Motion. Mr. Reynolds asserts that Pender Capital has acted in bad faith by filing a proof of claim, while at the same time he has and continues to engage in egregious behavior for which the Court has already held him in contempt seven times. *See Seventh Order Finding Larry Reynolds in Civil Contempt of Court* [Docket No. 248]. Indeed, the record clearly establishes a nearly four-year chronology of Mr. Reynolds' brazen fraud, theft, perjury, and deceit. *See Final Judgment on Contempt Orders Against Larry Reynolds* [Docket No. 265]. The undisputed facts remain that Mr. Reynolds stole more than $100,000 from the estate, perjured himself repeatedly, and has refused to satisfy the judgment granted to both the Trustee and Pender Capital following numerous contempt orders. Because Mr. Reynolds has unclean hands, the Court should deny the Motion.

13067047

## **CONCLUSION**

13. For the reasons set forth herein, Pender Capital respectfully requests the Court enter judgment (i) denying the Motion in its entirety; and (ii) grant such other relief to which Pender Capital is entitled.

Dated: November 3, 2021

By: /s/ *Eric M. English*
Eric M. English
State Bar No. 24062714
State Bar No. 24085340
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
eenglish@porterhedges.com

**ATTORNEY FOR PENDER CAPITAL**

13067047

**CERTIFICATE OF SERVICE**

   I certify that I caused the foregoing document to be served on November 3, 2021, to the parties listed below via United States mail, postage prepaid, or via electronic notice to all registered ECF users.

                /s/ *Eric M. English*
                Eric M. English

Larry Reynolds
Warren V. Norred, Esq.
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
Telephone: 817-704-3984
warren@norredlaw.com
***Counsel for Larry Reynolds***

Janice Reynolds
Clayton L. Everett, Esq.
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
Telephone: 817-704-3984
clayton@norredlaw.com
***Counsel for Janice Reynolds***

Scott M. Seidel
Seidel Law Firm
6505 W. Park Blvd., Suite 306
Plano, Texas 75093
Telephone: 214-234-2500
scott@scottseidel.com
***General Counsel for the Chapter 7 Trustee***

Elizabeth Ziegler Young
1100 Commerce Street, Room 976
Dallas, Texas 75242
***United States Trustee***

13067047