**FRIEDMAN & FEIGER, LLP**
Michael D. Donohue
State Bar No. 05989380
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
mdonohue@fflawoffice.com

**ATTORNEY FOR JESSICA R. REYNOLDS,
LAWRENCE J. FRIEDMAN AND MICHAEL
D. DONOHUE**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **MANSFIELD BOAT AND RV** | § | **CHAPTER 7** |
| **STORAGE, LLC** | § | |
| | § | **Case No. 18-33926** |
| Debtor. | § | |

## JANICE R. REYNOLDS' AND HER COUNSELS' RESPONSE TO PENDER CAPITAL ASSET BASED LENDING FUND I, LP'S EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY, AND (II) FOR DAMAGES AND SANCTIONS AGAINST JANICE REYNOLDS AND HER COUNSEL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Respondents Janice R. Reynolds ("Reynolds") and her counsel, Lawrence J. Friedman and

Michael D. Donohue at Friedman & Feiger, LLP ("Reynolds' Counsel"),[1] file this their Response

to the *Emergency Motion to (i) Enforce the Automatic Stay and (ii) for Damages and Sanctions*

*Against Janice Reynolds and Her Counsel* filed by Pender Capital Asset Based Lending Fund I,

---

[1]      Michael D. Donohue at Friedman & Feiger was the only attorney at his firm who signed and filed *Plaintiff's First Amended Petition* on Friday, October 14, 2022, which is the subject of the violation of the automatic stay.  While Larry Friedman's name was also listed in the signature block, Mr. Friedman did not sign the pleading, nor did he have any role whatsoever in its preparation or filing.

LP ("Pender Capital's Emergency Motion"), and in support hereof would respectfully show as follows:

**I.**

**Attorney Donohue was of the Belief that Mansfield was No Longer in Bankruptcy When He Added Mansfield as a Nominal Defendant as a Necessary Party for a Declaratory Judgment and Filed Plaintiff's First Amended Petition in the State Court Suit.**

1.      On October 14, 2022, Michael D. Donohue ("Donohue") at Friedman & Feiger, LLP, counsel of record for Plaintiff Janice Reynolds, filed *Plaintiff's First Amended Petition* in Cause No. 048, 327317-21, styled *Janice R. Reynolds vs. MBRV I, LLC, MBRV II, LLC, and Pender Capital Asset Based Lending Fund I, LP*, 48th District Court, Tarrant County, Texas (the "State Court Suit"), a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A". In the Amended Petition, for the first time, Mansfield Boat and RV Storage, LLC ("Mansfield") was named as a Nominal Defendant as a necessary party for a declaratory judgment that Reynolds seeks.

2.      While Donohue had heard that Mansfield had filed bankruptcy at one point, Donohue was of the understanding and belief that Mansfield was no longer in bankruptcy. Before adding Mansfield as a Nominal Defendant in the Amended Petition, Donohue checked the Texas Secretary of State's website for "Mansfield Boat and RV Storage, LLC" and saw that, although Mansfield had forfeited its charter in the past for failure to pay franchise tax (*see* a true and correct copy of SOS's website page on Mansfield's filing history attached hereto and incorporated herein as Exhibit "B"), that Mansfield had been reinstated to transact business on September 20, 2022. A true and correct copy of the Application for Reinstatement and Request to Set Aside Revocation and Forfeiture filed by Janice Reynolds, Manager, on 9/20/22 with the Office of the Secretary of State is attached hereto and incorporated herein as Exhibit "C". This filing for reinstatement with

the Secretary of State further solidified Donohue's belief (albeit mistaken) that Mansfield was no longer in bankruptcy.

**After Learning That, In Fact, Mansfield's Bankruptcy was Still Pending, Donohue Immediately Filed a Notice of Nonsuit Which Dismissed Plaintiff's Claims Against Mansfield in the State Court Suit.  Further, Pender Capital Could Have Mitigated (and Avoided) Any Asserted Damages, Had Its Counsel Simply Picked Up the Phone and Conferred Clearly With Donohue That Pender Capital Intended to File a Motion for Violating the Stay in the Still-Pending Mansfield Bankruptcy.**

3.      At 8:54 a.m., October 18, 2022, Land Murphy, counsel for Pender Capital Asset Based Lending Fund I, LP ("Pender Capital") in the State Court Lawsuit, sent an email to Warren Norred (Plaintiff's prior counsel in the State Court Suit), Mr. Friedman, Donohue, "Scott" and Eric English stating he was filing that day "a Motion for Emergency Consideration of Pender Capital's Emergency Motion to (i) Enforce the Automatic Stay, and (ii) for Sanctions against Janice Reynolds and Her Counsel", and stating he was requesting a hearing before the state court summary judgment hearing scheduled for October 21st .  A true and correct copy of the email is attached hereto and incorporated herein as <u>Exhibit "D"</u>.  The email was not at all clear that the Emergency Motion had anything to do with the still-pending Mansfield bankruptcy (which Donohue was unaware of).

4.      At 10:48 a.m., October 18, 2022, in a chain of emails between Warren Norred (who himself was unclear and was inquiring with Land Murphy why Pender Capital's motion for sanctions, which was scheduled to be heard in the State Court Suit for October 21st, had any need to be heard on an "emergency" basis) and Mr. Murphy, Mr. Murphy replied to Mr. Norred "[y]ou remain counsel of record in the bankruptcy case for Janice Reynolds.  Pender Capital is seeking sanctions against your client ***in federal bankruptcy court*** for her separate violation of the automatic stay.  There are two separate sanctions motions." (emphasis in original).  A true and

correct copy of this email chain is attached hereto and incorporated herein as Exhibit "E". This email was the first notice that Donohue had that there were two (2) separate sanctions motions being brought by Pender Capital, one pending in the State Court Suit, and the other apparently to be filed in federal bankruptcy court.

5.      Donohue then further checked and learned that, in fact, Mansfield's bankruptcy was still pending.  Donohue then immediately prepared and filed in the State Court Suit *Plaintiff's Notice of Nonsuit of Nominal Defendant Mansfield Boat and Storage, L.L.C.*, a true and correct copy of which, file-stamped at 2:29 p.m. on October 18th, is attached hereto and incorporated herein as Exhibit "F".

6.      At 3:54 p.m. on October 18th, Mitzie Webb, paralegal to Pender Capital's counsel, Eric English, sent an email to Donohue attaching Pender Capital's Emergency Motion filed in the Mansfield bankruptcy.  A true and correct copy of this email is attached hereto and incorporated herein as Exhibit "G".  The copy of Pender Capital's Emergency Motion attached to this email received at 3:54 p.m. (which was the first copy received by Donohue as neither he or Larry Friedman were on the ECF email list for the Mansfield bankruptcy) was file-stamped at "14:23:47" on October 18th, a mere six (6) minutes before the Notice of Nonsuit was filed in the State Court Suit.

7.      While Pender Capital's Emergency Motion may have technically complied with the requirement of Local Rule 7007-1(a) for a certificate of conference, given the unclear and confusing emails Mr. Murphy sent the morning of October 18th, had Mr. Murphy simply telephoned Mr. Donohue to confer that he intended to file the motion in the Mansfield federal bankruptcy court for violation of the automatic stay, Donohue would have advised Mr. Murphy that he was immediately filing a nonsuit dismissing the claims against Mansfield, thereby avoiding

4

altogether the Emergency Motion even being filed.

### Pender Capital Had a Duty to Mitigate Any Damages, as Well as to Mitigate Its Attorney's Fees --- Had Pender Capital's Counsel Clearly Conveyed to Donohue That Pender Capital Intended to File a Motion That the Automatic Stay in Mansfield Had Been Violated, Donohue (Upon Realizing Mansfield was Still in Bankruptcy) Would Have Immediately Filed a Nonsuit of Mansfield in the State Court and Altogether Avoided Any Need to File the Emergency Motion.

8.      If the Court were to find that there was a willful violation of the automatic stay, 11 U.S.C. § 362(k) mandates the award of actual damages, including costs and attorneys' fees, caused by the violation.

9.      Under Section 362(k), a plaintiff is entitled only to damages reasonably incurred as a proximate result of the violation of the stay. *In re Grine*, 439 B.R. 461, 471 (Bankr. N.D. Ohio 2010). Even though the damages provision of Section 362(k) is stated in mandatory terms, any damages award must have a sufficient factual foundation. *Id*. Under Section 362(k), a plaintiff is entitled only to damages reasonably incurred as a proximate result of the violation of the stay. *Id*.; s*ee In re Fingers*, B.R. 419, 433 (S.D. Cal. 1994). The plaintiff has the burden of proving actual damages by preponderance of the evidence. *In re Seaton*, 462 B.R. 582, 595 (Bankr. E.D. Va. 2011).

10.      Damages under Section 362k) must be proven with reasonable certainty and must not be speculative or based on conjecture. *In re Archer*, 853 F.2d 497, 499-500 (6th Cir. 1988).

11.      Further, "Debtors must be mindful of their duty to mitigate their damages because 'claims for fees incurred in the prosecution of an unnecessary motions [*sic*] are not recoverable.'" *In re Springer*, No. 16-3007,2017 WL 3575859, at *3 (Bankr. W.D. Ky. Aug. 16, 2017) (citing *Grine*, 439 B.R. at 471).

12.      Here, Pender Capital had a duty to mitigate its damages, and the filing of Pender

Capital's Emergency Motion could have been avoided altogether, had Pender Capital's counsel simply and clearly conveyed to Donohue his intent to file a motion in the Mansfield bankruptcy proceeding (which Donohue did not know was still pending) that Respondents had violated the automatic stay in the Mansfield bankruptcy, which would have led to an immediate dismissal by Donohue of Mansfield in the State Court Suit.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Respondents Reynolds and Reynolds' Counsel respectfully request that this Court deny Pender Capital's Emergency Motion in its entirety, and grant Respondents all other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

FRIEDMAN & FEIGER, LLP

By: _____

    Michael D. Donohue
    State Bar No. 05989380
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 776-5313 (Facsimile)
mdonohue@fflawoffice.com

ATTORNEY FOR RESPONDENTS JANICE R. REYNOLDS, LAWRENCE J. FRIEDMAN AND MICHAEL D. DONOHUE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served pursuant to Bankr. R. 2014, or by electronic transmission to all registered ECF users appearing in the case on October 19, 2022.   A copy was also sent via email to the individuals below.

Eric M. English
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
eenglish@porterhedges.com

Garland D. Murphy IV
Smyser Kaplan & Veselka, L.L.P.
700 Louisiana Street, Suite 2300
Houston, Texas 77002
lmurphy@skv.com

Michael D. Donohue

FILED
TARRANT COUNTY
10/14/2022 6:57 PM
THOMAS A. WILDER
DISTRICT CLERK

### CAUSE NO. 048-327317-21

| | | |
|---|---|---|
| **JANICE R. REYNOLDS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **MBRV I, LLC, MBRV II, LLC, and** | § | |
| **PENDER CAPITAL ASSET BASED** | § | **48th JUDICIAL DISTRICT** |
| **LENDING FUND I, LP,** | § | |
| | § | |
| **Defendants,** | § | |
| | § | |
| **MANSFIELD BOAT AND RV STORAGE,** | § | |
| **L.L.C.,** | § | |
| | § | |
| **Nominal Defendant.** | § | **TARRANT COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff JANICE R. REYNOLDS ("Plaintiff" or "Mrs. Reynolds"), and

files this Plaintiff's First Amended Petition,[1] and in support hereof would respectfully shows as

follows:

### I.     Discovery Control Plan and Rule 47 Statement.

1.     Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff intends for discovery to be

conducted herein under Level 3, as set forth in Rule 190.4 and requests that a scheduling order

be entered.

---

[1]     This Plaintiff First Amended Petition is intended to amend the Original Petition in Intervention and
Plea in Abatement filed by Janice R. Reynolds on April 27, 2021, in Cause No. 048-315357-20, 48th
Judicial District Court, Tarrant County, Texas, which, by Order Severing Intervention entered on
August 9, 2021 by the 48th District Court severed such causes of action and made them the subject
of the above-entitled and numbered cause.

PLAINTIFF'S FIRST AMENDED PETITION -- Page 1



2.      Plaintiff affirmatively pleads that this suit is not governed by the expedited actions process in TRCP 169 because Plaintiff seeks non-monetary relief in addition to damages. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, plus non- monetary relief.

## II.      Parties and Service.

3.      Plaintiff Janice Ruth Reynolds may be contacted through her attorneys of record at Friedman & Feiger, LLP.

4.      Defendant MBRV I, LLC is a Texas limited liability company which has appeared and answered herein and is before the Court for all purposes.

5.      Defendant MBRV II, LLC is a Texas limited liability company which has appeared and answered herein and is before the Court for all purposes.

6.      Defendant Pender Capital Asset Based Lending Fund I, LP ("Pender"), is a Delaware Limited Partnership which has appeared and answered herein and is before the Court for all purposes.

7.      Defendant Mansfield Boat and RV Storage, L.L.C. ("Mansfield Boat and RV Storage") is a Texas limited liability company which may be served with process through its Manager, Janice Reynolds, at 305 Smith Street, Mansfield, Texas.

## III. Venue and Jurisdiction.

8.      This case is within the subject matter jurisdiction of this court. The relief requested is within the jurisdictional limits of this court.

9.      Venue is proper in Tarrant County, Texas as this case concerns real property situated in Tarrant County, Texas, and Tarrant County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.    Facts.

10.    Plaintiff and Defendant Reynolds are a married couple residing in Texas but have been estranged for some time.

11.    The real property the subject of this lawsuit is one tract that covers the house/office with the address of 305 Smith Street, Mansfield, Texas with the legal description of:

> Lot 1, Block 1, of ROUNTREE ADDITION, an Addition to the City of Mansfield, Tarrant County, Texas, according to the Plat thereof recorded in Cabinet A, Slide 771, of the Plat Records of Tarrant County, Texas (the "Property").

12.    Plaintiff's claims rise out of a breach of a Rule 11 Agreement entered onto the record in Cause No. 048-299273-18, styled Pender Capital Asset Based Lending Fund I, LP, v. Mansfield Boat and RV Storage, LLC and the Confidential Full and Final Compromise Settlement Agreement with the Effective Date of June 18, 2018 between Pender, Mansfield Boat and RV Storage, and Janice Ruth Reynolds.

13.    Plaintiff intervened into Cause No. 048-299273-18 which eventually led to the settlement agreement referenced above.

14.    As part of the Rule 11 at CR Page 5, lines 5-9, the parties agreed to the following:

> Item number six: Mrs. Janice Reynolds --
> well, the parties agree that Mrs. Janice Reynolds will
> execute the necessary documents that will resolve any
> homestead claim, whether that's a waiver or disclaimer
> or deed, as to Pender Capital and the loan documents.

15.    As part of the Rule 11 at CR Page 5, lines 21-25 and Page 6 line 1:

> THE COURT: All right. And you have also
> agreed that Pender Capital will initiate no
> communications with any potential party who might
> refinance the property and will inform the owners if
> they are contacted by any party and will cooperate with

<u>**PLAINTIFF'S FIRST AMENDED PETITION**</u> -- Page 3

any third parties who wish to refinance.

16.    Paragraph 2.7 of the Confidential Full and Final Compromise Settlement Agreement

states:

> The Parties entered into a settlement on the record in the 48th Judicial District
> Court of Tarrant County, Texas on June 18, 2018. This Settlement Agreement is
> intended to document the full terms of the June 18, 2018 settlement.

17.    As Plaintiff's consideration for the entering the settlement agreement, Paragraph 4.6

provides:

> On the same day this Settlement Agreement is signed, Janice Ruth Reynolds, in
> order to eliminate any homestead claim she may have, will sign a Special
> Warranty Deed transferring all of her right, title, and interest in the Storage
> Properties to Mansfield effective as of November 1, 2017. The Warranty Deed
> shall be in the form attached as Exhibit C.

19.    Plaintiff complied with the terms of the Rule 11 Agreement and the Confidential Full and

Final Compromise Settlement Agreement.

20.    Counsel for Defendant Pender prepared the Settlement Agreement and did not include a

provision to reflect the Rule 11 Agreement's provision referenced above that Pender will initiate

no communications with any potential party who might refinance the property and will

inform the owners if they are contacted by any party and will cooperate with any third parties

who wish to refinance.

21.    Defendant Pender breached the Rule 11 Agreement by communicating with potential

parties who might have refinanced the property, failed to inform Plaintiff if they were contacted

by any party, and failed to cooperate with third parties to refinance the property.

22.    Defendant Pender refused to send a number of loan brokers and bankers a payoff amount

despite repeated requests.

23.    Further, when Pender did communicate with Larry Reynolds and Neil Ainsworth (counsel

**PLAINTIFF'S FIRST AMENDED PETITION** -- Page 4

or Mansfield Boat and RV Storage) about a payoff amount, which was needed to provide to third parties who were considering refinancing the Mansfield property, Pender provided a payoff amount which was inaccurate, improperly calculated and erroneously high.

24.     In addition, under the Rule 11 Agreement the parties agreed to set up a lock box account immediately with the management company in place at the Mansfield property.  This was recited again in the Confidential Full and Final Compromise Settlement Agreement at paragraph 4.5. Pender, however, in breach of both the Rule 11 Agreement and the Confidential Full and Final Compromise Settlement Agreement, never set up the lock box account.

25.     Due to breaches of the Rule 11 Agreement and subsequent confidential settlement agreement, Plaintiff seeks recovery for breach of contract and also seeks rescission of her transfer of her homestead rights to the Property and requests the court enter declaratory judgment to declare the rights, status, and other legal relations of the parties as to the Property and the validity of the Rule 11 Agreement and confidential settlement agreement and declare the rights, status, or other legal relations thereunder, and specifically that Plaintiff retains her homestead rights to the Property.

26.     To clarify, Defendant Pender loaned funds to Mansfield Boat and RV Storage, and then Pender acted so that Mansfield Boat and RV Storage could not comply with the loan terms, and then breached its agreement made in open court to cooperate with the refinance, and then Pender acted in such a manner as to be the only bidder at the foreclosure, and then the ownership of Pender created Plaintiffs to complete the events resulting in this case.

### V.     Cause of Action – Breach of Contract.

27.     Plaintiff and Pender entered into an enforceable contract, being the Rule 11 Agreement

and the Confidential Full and Final Compromise Settlement Agreement referenced above.

28.    Plaintiff performed under the terms of the contract by relinquishing her homestead rights to the Property in exchange for the promises of Pender.

29.    Pender breached the Rule 11 Agreement and the Confidential Full and Final Compromise Settlement Agreement as described above.

30.    As a result of the breach, Plaintiff suffered damages, now faces loss of her home, and transferred her homestead rights to the Mansfield property.

## VI.    Cause of Action – Declaratory Judgment.

31.    Plaintiff seeks a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE § 37 et seq. and requests the court enter a declaratory judgment to declare the rights, status, and other legal relations of the parties as to the Property and the validity of the Rule 11 Agreement and Confidential Full and Final Compromise Settlement Agreement and declare the rights, status, or other legal relations thereunder, and specifically that Plaintiff retains her homestead rights to the Property.

32.    Plaintiff, Defendant Mansfield Boat and RV Storage, Defendants, and Pender are all necessary parties to the declaratory judgment.

## VII.    Attorney's Fees.

33.    Plaintiff seeks recovery of her reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 37 and 38.

## VIII.    Damages.

34.    Plaintiff seeks recovery of actual damages, interest, and court costs.

## IX.    Prayer

<u>PLAINTIFF'S FIRST AMENDED PETITION</u> -- Page 6

Plaintiff prays that citation issue and be served on Defendant Mansfield Boat and RV Storage, L.L.C. to appear and answer herein, and that the Court enter a judgment in favor of Plaintiff against Defendants for breach of contract, enter a declaratory judgment as described above and award Plaintiff all actual damages, reasonable necessary attorney's fees, pre and post judgment interest, and court costs and any other relief that Plaintiff may be entitled in law and equity.

Respectfully submitted,

FRIEDMAN & FEIGER, LLP

By: _____
    Lawrence J. Friedman
    State Bar No. 07469300
    Michael D. Donohue
    State Bar No. 05989380
    5301 Spring Valley Road, Suite 200
    Dallas, Texas 75254
    (972) 788-1400 (Telephone)
    (972) 776-5313 (Facsimile)
    lfriedman@fflawoffice.com
    mdonohue@fflawoffice.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the e-filing system to all parties who have appeared in this case or their counsel of record on the 14th day of October, 2022.

Michael D. Donohue

**PLAINTIFF'S FIRST AMENDED PETITION** -- Page 7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Trina Johnson on behalf of Michael Donohue
Bar No. 5989380
tjohnson@fflawoffice.com
Envelope ID: 69256324
Status as of 10/17/2022 8:21 AM CST
Associated Case Party: THEMBRV I LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Garland Murphy | | lmurphy@skv.com | 10/14/2022 6:57:18 PM | SENT |
| Richard Houghton | | rhoughton@skv.com | 10/14/2022 6:57:18 PM | SENT |

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Trina Johnson on behalf of Michael Donohue
Bar No. 5989380
tjohnson@fflawoffice.com
Envelope ID: 69256324
Status as of 10/17/2022 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan Sloan | | ssloan@skv.com | 10/14/2022 6:57:18 PM | SENT |
| Michael Donohue | | mdonohue@fflawoffice.com | 10/14/2022 6:57:18 PM | SENT |
| Amanda Heydrick | | lfpara@fflawoffice.com | 10/14/2022 6:57:18 PM | SENT |
| Tracy Head | | lfsec@fflawoffice.com | 10/14/2022 6:57:18 PM | SENT |
| Lawrence Friedman | | lfreidman@fflawoffice.com | 10/14/2022 6:57:18 PM | ERROR |
| Debbie Perrone | | dperrone@fflawoffice.com | 10/14/2022 6:57:18 PM | SENT |
| Trina Johnson | | tjohnson@fflawoffice.com | 10/14/2022 6:57:18 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Trina Johnson on behalf of Michael Donohue
Bar No. 5989380
tjohnson@fflawoffice.com
Envelope ID: 69256324
Status as of 10/17/2022 8:21 AM CST
Associated Case Party: JANICERREYNOLDS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Warren Norred | | wnorred@norredlaw.com | 10/14/2022 6:57:18 PM | SENT |
| Chad Lampe | | chad@norredlaw.com | 10/14/2022 6:57:18 PM | SENT |
| Norred Law, PLLC | | court@norredlaw.com | 10/14/2022 6:57:18 PM | SENT |

**TEXAS SECRETARY of STATE**
**JOHN B. SCOTT**

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 802222697 | **Entity Type:** | Domestic Limited Liability Company (LLC) |
| **Original Date of Filing:** | May 27, 2015 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32057383575 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | Mansfield Boat and RV Storage L.L.C. |
| **Address:** | 305 SMITH STREET |
| | MANSFIELD, TX 76063 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 608656960002 | Certificate of Formation | May 27, 2015 | May 27, 2015 | No | 2 |
| | 711289400333 | Tax Forfeiture | January 27, 2017 | January 27, 2017 | No | 1 |
| | 728438470002 | Reinstatement | April 13, 2017 | April 13, 2017 | No | 1 |
| | 816385430001 | Public Information Report (PIR) | December 31, 2017 | June 1, 2018 | No | 1 |
| | 768673660001 | Public Information Report (PIR) | December 31, 2017 | October 25, 2017 | No | 1 |
| | 863924450001 | Public Information Report (PIR) | December 31, 2018 | January 26, 2019 | No | 1 |
| | 863894520001 | Public Information Report (PIR) | December 31, 2018 | January 26, 2019 | No | 1 |
| | 951745059549 | Tax Forfeiture | February 28, 2020 | February 28, 2020 | No | 1 |
| | 1043796520002 | Reinstatement | April 17, 2021 | April 17, 2021 | No | N/A |
| | 1159058481045 | Tax Forfeiture | June 24, 2022 | June 24, 2022 | No | 1 |
| | 1179277360002 | Reinstatement | September 20, 2022 | September 20, 2022 | No | N/A |

[Order]   [Return to Search]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.



EXHIBIT
B



**Office of the Secretary of State**
**Corporations Section**
P.O. Box 13697
**Austin, Texas 78711-3697**
**(Form 801)**

**Filed in the Office of the**
**Secretary of State of Texas**
**Filing #: 802222697 09/20/2022**
**Document #: 1179277360002**
**Image Generated Electronically**
**for Web Filing**

## APPLICATION FOR REINSTATEMENT AND
## REQUEST TO SET ASIDE REVOCATION OR FORFEITURE

1. File Number: **802222697**

2. The name of the entity is: **Mansfield Boat and RV Storage L.L.C.**

3. The taxpayer identification number is: **32057383575**

4. The entity named above was forfeited or its authority to transact business in Texas was revoked on <u>06/24/2022</u> for the following reason:
   Failure to file a franchise tax return and/or pay state franchise tax.

5. The entity has corrected the default and has paid all fees, taxes, and penalties due.

6. The entity applies for reinstatement and requests that the Secretary of State set aside the forfeiture of the Texas entity or the revocation of the foreign entity's authority, to transact business in Texas, as applicable.

7. Attachment: **Tax Clearance Ltr Mansfield Boat.pdf**

8. Execution: The undersigned signs this document subject penalties imposed by law for the submission of a materially false or fraudulent instrument.

**By <u>Janice Reynolds</u>**

Date: **<u>September 20, 2022</u>**      **Manager**

FILING OFFICE COPY



EXHIBIT
C

TEXAS COMPTROLLER *of* PUBLIC ACCOUNTS

P.O. Box 13528 • Austin, TX 78711-3528



September 20, 2022

MANSFIELD BOAT AND RV STORAGE L.L.C.
305 SMITH ST
MANSFIELD TX 76063-1733

## Tax Clearance Letter for Reinstatement*

To:   Texas Secretary of State
      Corporations Section

Re:   MANSFIELD BOAT AND RV STORAGE L.L.C.
      **Taxpayer number: 32057383575**
      **File number: 0802222697**

**The referenced entity has met all franchise tax requirements and is
eligible for reinstatement through** May 15, 2023.

Comptroller of Public Accounts
Account Maintenance Division
Franchise Tax Section
1-800-531-5441 ext. 34402 or 512-463-4402

---

*\* The reinstatement must be filed with the Texas Secretary of State on or before the expiration date of
this letter. After this date, additional franchise tax filing requirements must be met, and a new request
for tax clearance must be submitted.*

*You can file for reinstatement online at www.sos.state.tx.us/corp/sosda/index.shtml. Forms and
instructions for reinstatement are available at www.sos.state.tx.us/corp/forms_option.shtml or by
calling 512-463-5555. This tax clearance letter must be attached to the reinstatement forms.*

Form 05-377 (Rev.4-14/5)

**Michael Donohue**

| | |
|---|---|
| **From:** | Murphy, Land <lmurphy@skv.com> |
| **Sent:** | Tuesday, October 18, 2022 8:54 AM |
| **To:** | Warren Norred; Scott; Larry Friedman; Michael Donohue |
| **Cc:** | English, Eric M. |
| **Subject:** | Pender Capital's Motion for Emergency Consideration of Motion to Enforce Automatic Stay and for |

Counsel:

I am filing today a Motion for Emergency Consideration of Pender Capital's Emergency Motion to (i) Enforce the Automatic Stay, and (ii) for Sanctions against Janice Reynolds and Her Counsel.  I am requesting that a hearing held before the state court summary judgment hearing that is scheduled for Friday, October 21.  Please let me know if you oppose.

Regards,



**Land Murphy** | Partner
Smyser Kaplan & Veselka, L.L.P.
717 Texas Avenue | Suite 2800
Houston, Texas  77002-2761
O: 713.221.2346 | C: 281.658.9060 | F: 713.221.2320

**website** | **bio** | **linkedin** | **vCard** | **map** | **email**

*Top 10 U.S. Litigation Boutique*    *Litigation Department of the Year*
*2019 Benchmark Litigation*            *2018 Texas Lawyer*

This e-mail is confidential and/or privileged. If the reader is not the intended recipient, any review, dissemination or copying of any part of this e-mail is prohibited. If you received this e-mail in error, **please notify the sender by e-mail or at 713-221-2300** and then permanently delete this e-mail.



EXHIBIT
D

**Michael Donohue**

| | |
|---|---|
| **From:** | Murphy, Land <lmurphy@skv.com> |
| **Sent:** | Tuesday, October 18, 2022 10:50 AM |
| **To:** | Warren Norred |
| **Cc:** | Scott; Larry Friedman; Michael Donohue; English, Eric M. |
| **Subject:** | RE: Pender Capital's Motion for Emergency Consideration of Motion to Enforce Automatic Stay and for |

Correction: The last sentence of my first paragraph should have read:    That is not what is at issue in the emergency motion in *bankruptcy* court.



**Land Murphy** | Partner
Smyser Kaplan & Veselka, L.L.P.
717 Texas Avenue | Suite 2800
Houston, Texas  77002-2761
O: 713.221.2346 | C: 281.658.9060 | F: 713.221.2320

website | bio | linkedin | vCard | map | email

*Top 10 U.S. Litigation Boutique    |  Litigation Department of the Year*
*2019 Benchmark Litigation          |  2018 Texas Lawyer*

This e-mail is confidential and/or privileged. If the reader is not the intended recipient, any review, dissemination or copying of any part of this e-mail is prohibited. If you received this e-mail in error, **please notify the sender by e-mail or at 713-221-2300** and then permanently delete this e-mail.

**From:** Murphy, Land
**Sent:** Tuesday, October 18, 2022 10:48 AM
**To:** Warren Norred <wnorred@norredlaw.com>
**Cc:** Scott <scott@scottseidel.com>; LFRIEDMAN@FFLAWOFFICE.COM; MDONOHUE@FFLAWOFFICE.COM; English, Eric M. <EEnglish@porterhedges.com>
**Subject:** RE: Pender Capital's Motion for Emergency Consideration of Motion to Enforce Automatic Stay and for

Warren:

The state court motion for sanctions is already set for hearing on Friday, October 21.  Notice attached, which you already received via electronic service.  That is not what is at issue in the emergency motion in state court.

You remain counsel of record in the bankruptcy case for Janice Reynolds.  Pender Capital is seeking sanctions against your client ***in federal bankruptcy court*** for her separate violation of the automatic stay.  There are two separate sanctions motions.



**Land Murphy** | Partner
Smyser Kaplan & Veselka, L.L.P.
717 Texas Avenue | Suite 2800
Houston, Texas  77002-2761
O: 713.221.2346 | C: 281.658.9060 | F: 713.221.2320

website | bio | linkedin | vCard | map | email

*Top 10 U.S. Litigation Boutique    |  Litigation Department of the Year*
*2019 Benchmark Litigation          |  2018 Texas Lawyer*

This e-mail is confidential and/or privileged. If the reader is not the intended recipient, any review, dissemination or copying of part of this e-m... If you received this e-mail in error, **please notify the sender by e-mail or at 713-221-2300** and then permanently delete this e-m...



EXHIBIT
E

**From:** Warren Norred <wnorred@norredlaw.com>
**Sent:** Tuesday, October 18, 2022 10:42 AM
**To:** Murphy, Land <lmurphy@skv.com>
**Cc:** Scott <scott@scottseidel.com>; LFRIEDMAN@FFLAWOFFICE.COM; MDONOHUE@FFLAWOFFICE.COM; English, Eric
M. <EEnglish@porterhedges.com>
**Subject:** Re: Pender Capital's Motion for Emergency Consideration of Motion to Enforce Automatic Stay and for

Land, as you know, I'm no longer involved in this, except for the pending motion for sanctions, which I just reviewed again.

I appreciate the zeal with which you prosecute your claims, but I see no reason why the sanctions motion should be heard on an emergency basis. It's been pending for more than a year.

If there's something I'm missing, feel free to inform me further.

Thanks,
Warren

**Warren V. Norred, P.E.**
**NORRED LAW, PLLC**
515 East Border Street
Arlington, Texas 76010
817.704.3984 office
817.524.6686 fax

Contact us for matters involving Intellectual Property, Business Needs, Bankruptcy, and Wills & Estates.
Licensed to practice before the United States Patent and Trademark Office, all state and federal courts
in Texas, the Federal Circuit, and the Supreme Court of the United States.



www.norredlaw.com

CONFIDENTIALITY NOTICE:  This message and any attachments contain information that may be
confidential or legally privileged. The information is intended only for the use of the individual or entity to whom
it is directed, regardless of the e-mail address. If you are not the intended recipient, you are notified that any
examination, disclosure, copying, distribution or the taking of any action in reliance on, or with respect to, the
contents of this information is strictly prohibited.  If you have received this e-mail message in error, please
immediately notify the person identified as the sending person by reply e-mail or notify the sender by phone at
817-704-3984.

On Tue, Oct 18, 2022 at 9:57 AM Murphy, Land <lmurphy@skv.com> wrote:

Warren:

The violation of the automatic stay is intentionally calculated to interfere with the October 21 summary judgment motion hearing and will cause Pender Capital to incur additional fees and expense if not remedied before the hearing.

Thanks,



**Land Murphy** | Partner
Smyser Kaplan & Veselka, L.L.P.
717 Texas Avenue | Suite 2800
Houston, Texas  77002-2761
O: 713.221.2346 | C: 281.658.9060 | F: 713.221.2320

website | bio | linkedin | vCard | map | email

*Top 10 U.S. Litigation Boutique*        *Litigation Department of the Year*
*2019 Benchmark Litigation*              *2018 Texas Lawyer*

This e-mail is confidential and/or privileged. If the reader is not the intended recipient, any review, dissemination or copying of any part of this e-mail is prohibited. If you received this e-mail in error, **please notify the sender by e-mail or at 713-221-2300** and then permanently delete this e-mail.

**From:** Warren Norred <wnorred@norredlaw.com>
**Sent:** Tuesday, October 18, 2022 9:53 AM
**To:** Murphy, Land <lmurphy@skv.com>
**Cc:** Scott <scott@scottseidel.com>; LFRIEDMAN@FFLAWOFFICE.COM; MDONOHUE@FFLAWOFFICE.COM; English, Eric M. <EEnglish@porterhedges.com>
**Subject:** Re: Pender Capital's Motion for Emergency Consideration of Motion to Enforce Automatic Stay and for

Land, what is the emergency about the sanctions hearing?

W

**Warren V. Norred, P.E.**
**NORRED LAW, PLLC**
515 East Border Street
Arlington, Texas 76010

817.704.3984 office
817.524.6686 fax

Contact us for matters involving Intellectual Property, Business Needs, Bankruptcy, and Wills & Estates.
Licensed to practice before the United States Patent and Trademark Office, all state and federal courts
in Texas, the Federal Circuit, and the Supreme Court of the United States.



www.norredlaw.com

CONFIDENTIALITY NOTICE:  This message and any attachments contain information that may be
confidential or legally privileged. The information is intended only for the use of the individual or entity to
whom it is directed, regardless of the e-mail address. If you are not the intended recipient, you are notified
that any examination, disclosure, copying, distribution or the taking of any action in reliance on, or with
respect to, the contents of this information is strictly prohibited.  If you have received this e-mail message in
error, please immediately notify the person identified as the sending person by reply e-mail or notify the
sender by phone at 817-704-3984.

On Tue, Oct 18, 2022 at 8:54 AM Murphy, Land <lmurphy@skv.com> wrote:

Counsel:

I am filing today a Motion for Emergency Consideration of Pender Capital's Emergency Motion to (i) Enforce the
Automatic Stay, and (ii) for Sanctions against Janice Reynolds and Her Counsel.  I am requesting that a hearing held
before the state court summary judgment hearing that is scheduled for Friday, October 21.  Please let me know if you
oppose.

Regards,



**Land Murphy** | Partner
Smyser Kaplan & Veselka, L.L.P.
717 Texas Avenue | Suite 2800
Houston, Texas  77002-2761
O: 713.221.2346 | C: 281.658.9060 | F: 713.221.2320

website | bio | linkedin | vCard | map | email

*Top 10 U.S. Litigation Boutique*        *Litigation Department of the Year*
*2019 Benchmark Litigation*              *2018 Texas Lawyer*

This e-mail is confidential and/or privileged. If the reader is not the intended recipient, any review, dissemination or copying of any part of this e-mail is prohibited. If
you received this e-mail in error, **please notify the sender by e-mail or at 713-221-2300** and then permanently delete this e-mail.

048-327317-21

FILED
TARRANT COUNTY
10/18/2022 2:29 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-327317-21

| | | |
|---|---|---|
| JANICE R. REYNOLDS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MBRV I, LLC, MBRV II, LLC, and | § | |
| PENDER CAPITAL ASSET BASED | § | 48th JUDICIAL DISTRICT |
| LENDING FUND I, LP, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| MANSFIELD BOAT AND RV STORAGE, | § | |
| L.L.C., | § | |
| | § | |
| Nominal Defendant. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S NOTICE OF NONSUIT OF NOMINAL DEFENDANT MANSFIELD BOAT AND RV STORAGE, L.L.C.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff JANICE R. REYNOLDS ("Plaintiff" or "Mrs. Reynolds"), and files this notice to the Court and to all other parties that it is taking a nonsuit without prejudice of its case against Nominal Defendant Mansfield Boat and RV Storage, L.L.C. This Nonsuit is effective immediately on the filing of this Notice.

Respectfully submitted,

FRIEDMAN & FEIGER, LLP

By: _____
Lawrence J. Friedman
State Bar No. 07469300
Michael D. Donohue
State Bar No. 05989380

PLAINTIFF'S NOTICE OF NONSUIT OF NOMINAL
DEFENDANT MANSFIELD BOAT AND RV STORAGE, L.L.C. -- Page 1



5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
(972) 788-1400 (Telephone)
(972) 776-5313 (Facsimile)
lfriedman@fflawoffice.com
mdonohue@fflawoffice.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the e-filing system to all parties who have appeared in this case or their counsel of record on the 18th day of October, 2022.

Michael D. Donohue

PLAINTIFF'S NOTICE OF NONSUIT OF NOMINAL
DEFENDANT MANSFIELD BOAT AND RV STORAGE, L.L.C. -- Page 2

**Michael Donohue**

| | |
|---|---|
| **From:** | Webb, Mitzie L. <MWebb@porterhedges.com> |
| **Sent:** | Tuesday, October 18, 2022 3:54 PM |
| **To:** | Larry Friedman; Michael Donohue |
| **Cc:** | English, Eric M.; lmurphy@skv.com; Garfias, Eliana |
| **Subject:** | Case No. 18-33926; In re Mansfield Boat and RV Storage, LLC |
| **Attachments:** | 2022-10-18 [439] Pender Capital's Emergency Motion - Enforce Stay.pdf; 2022-10-18 [440] Pender Capital's Emergency Motion - Sanctions.pdf; 2022-10-18 [441] Pender Capital's Motion for Emergency Consideration (Dkt Nos. 439, 440).pdf |

Good afternoon

On behalf of Eric English, attached are (1) [Dkt 439] *Pender Capital Asset Based Lending Fund I, LP's Emergency Motion – Enforce the Automatic Stay*; (2) [Dkt 440] *Pender Capital Asset Based Lending Fund I, LP's Emergency Motion – for Damages and Sanctions Against Janice Reynolds and Her Counsel*; and (3) [Dkt 441] *Pender Capital Asset Based Lending Fund I, LP's Motion for Emergency Consideration of its Emergency Motion to (i) Enforce the Automatic Stay, and (ii) for Damages and Sanctions against Janice Reynolds and Her Counsel*.

Regards,

**Mitzie L. Webb** | Paralegal
**Porter Hedges LLP**

1000 Main St, 36th Floor | Houston, TX 77002
**t** 713.226.6404    **e** MWebb@porterhedges.com
**Web** · **V-Card**


EXHIBIT
G