| | |
|---|---|
| **PORTER HEDGES LLP** | **SMYSER KAPLAN & VESELKA, L.L.P.** |
| Eric M. English | Land Murphy |
| State Bar No. 24062714 | State Bar No. 24058010 |
| 1000 Main Street, 36th Floor | 717 Texas, Suite 2800 |
| Houston, Texas 77002 | Houston, Texas 77002 |
| (713) 226-6000 | (713) 221-2346 |
| eenglish@porterhedges.com | lmurphy@skv.com |

**ATTORNEYS FOR PENDER CAPITAL**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| **MANSFIELD BOAT AND RV** | § | |
| **STORAGE, LLC** | § | Case No. 18-33926 |
| | § | |
| Debtor. | § | |

**PENDER CAPITAL ASSET BASED LENDING FUND I, LP'S MOTION TO ENFORCE ORDER APPROVING TRUSTEE'S MOTION TO SELL THE ESTATE'S INTEREST, WITHOUT WARRANTY, IN SCHEDULED ACTIONS <u>AS IS, WHERE IS, SUBJECT TO ALL DEFENSES, DKT. 354</u>**

**To the Honorable Scott W. Everett,
United States Bankruptcy Judge:**

Pender Capital Asset Based Lending Fund I, LP ("Pender Capital") files this Motion (the "Motion") to enforce this Court's Order Approving Trustee's Motion to Sell the Estate's Interest, Without Warranty, in Scheduled Actions As Is, Where Is, Subject to All Defenses, Dkt. 354.

### **OVERVIEW**

1. Janice Reynolds is attempting to prosecute claims in Texas state court that were owned by the Debtor and sold to Pender Capital pursuant to the Court's

1

13652819v1

Order Approving Trustee's Motion to Sell the Estate's Interest, Without Warranty, in Scheduled Actions As Is, Where Is, Subject to All Defenses, Dkt. 354 ("Sale Order").

2. Pender Capital therefore owns the claims at issue. Janice Reynolds, by contrast, has no interest in the claims.

3. Pender Capital respectfully moves the Court to enforce the Sale Order and enjoin Janice Reynolds from asserting, filing, or prosecuting any of the Debtor's claims that were sold to Pender Capital pursuant to the Sale Order.

## FACTUAL BACKGROUND

4. The underlying state-court lawsuit ("Current Texas Lawsuit") is the latest in a series of cases involving the Debtor, Janice Reynolds, and Pender Capital in regards to a November 2017 loan that Pender Capital extended to the Debtor ("Pender Loan"). The Debtor posted real property located at 305 Smith Street, Mansfield, Texas ("Mansfield Property") as collateral for the Pender Loan.

5. In December 2009, Larry Reynolds filed for bankruptcy protection in this Court and listed the Mansfield Property in his bankruptcy schedules. Ex. 19. In March 2010, the estate's trustee filed an adversary proceeding against Larry Reynolds and Janice Reynolds, alleging (among other claims) fraudulent conveyance. Ex. 20. To avoid the loss of her primary residence in Valdez, Alaska, Janice Reynolds settled with the trustee. Ex. 21. Janice Reynolds agreed to "surrender all right, title, and interest to any and all Property of the Larry Reynolds . . . bankruptcy estate[]," including the Mansfield Property. *Id.* at 2-3 ¶ II(3). In December 2010, the Court entered an order approving the parties' settlement. Ex. 22. Consistent with the

2

parties' settlement agreement, the order directed Janice Reynolds to "surrender all . . . property of . . . Larry Reynolds," including the Mansfield Property. *Id.* at 3 ¶ 6.

6. In May 2017, Larry Reynolds, Janice Reynolds's husband, executed a deed that conveyed any right, title, and interest that he had in the Mansfield Property to the Debtor, a company that Larry Reynolds previously controlled. Janice Reynolds witnessed the deed. Ex. 1. Janice Reynolds also signed a written consent that had authorized the Debtor to post the Property as security for the Pender Loan by executing a deed of trust for Pender Capital's benefit that covered the Mansfield Property. Ex. 2. The deed of trust and other Pender Loan documents gave Pender Capital a perfected first priority lien and security interest in the Mansfield Property. Ex. 3.

7. In early 2018, the Debtor defaulted on the Pender Loan. Thus, in April 2018, Pender Capital sued the Debtor to foreclose on the Property ("2018 Litigation").

8. Janice Reynolds "didn't' have anything to do with" the Debtor. Ex. 4 at 120:12-13. She has never owned an interest in the Debtor. Ex. 5 at 35:12-14. She knew nothing about the Debtor's management or finances. Ex. 4 at 120:14-16, 120:22-121:22. And she had no involvement with the Debtor's purported attempts to refinance the Pender Loan. *Id.* at 142:22-24.

9. Janice Reynolds lacked meaningful connection with, and had no relevant personal knowledge about, the Debtor because—by her own admission—she was an Alaska permanent resident "until September 2020." Ex. 6 at 4 ¶ 10. Thus,

Janice Reynolds was a permanent resident of Alaska when the 2018 Litigation was filed.

10. Nevertheless, in May 2018, Janice Reynolds filed a petition in intervention in the Pender Loan Litigation, which falsely claimed that: (1) she was living at the Mansfield Property, (2) the Mansfield Property was her homestead, and (3) she had never joined in or had knowledge of a conveyance of the Mansfield Property. Ex. 7. *Compare* Ex. 7 at 3, *with* Ex. 6 at 4, *with* Ex. 1 at 2.

11. In light of Janice Reynolds's knowingly false claims, Pender Capital moved for sanctions against her.

12. The parties settled in June 2018. That month, they entered into an oral Texas Rule of Civil Procedure 11 agreement in open court ("Rule 11 Agreement"). Pender Capital agreed to withdraw its sanctions motion against Janice Reynolds and sign a release as to her. Ex. 8 at 152:20-22. In exchange, Janice Reynolds promised to deed any right, title, or interest that she might have had in the Mansfield Property and to sign a release in Pender Capital's favor. *Id.* at 152:23-153:2. As Janice Reynolds's only connection to the 2018 Litigation was her false claim of homestead, those were the only two Rule 11 Agreement terms that involved her.

13. The Rule 11 Agreement set forth several other terms exclusively between the Debtor and Pender Capital, terms that related to the Pender Loan—again, something with which Janice Reynolds had no involvement and about which she had no knowledge. For example, the Debtor agreed to pay certain past due

interest. *Id.* at 152:4-11. It also agreed to add certain sums to the Pender Loan note, *id.* at 152:11-12.

14. Both Pender Capital and the Debtor jointly agreed to "set up a lock box account" with "the current management company in place" at the Debtor's location. *Id.* at 152:16-19.

15. For its part, Pender Capital agreed to the following in regards to the Debtor's purported efforts to refinance the Pender Loan: (1) not to "initiate . . . communications with any potential party who might refinance the [Mansfield] [P]roperty," (2) "inform the [Debtor's] owners if they are contacted by any party," and (3) "cooperate with any third parties who wish to refinance" by "[p]roviding [certain] information." *Id.* at 153:14-22.

16. On July 12, 2018, Janice Reynolds executed a deed conveying any right, title, and interest that she had in the Mansfield Property to the Debtor ("July 2018 deed"). Ex. 9 at 6-21.

17. The same day, she signed a written settlement agreement that memorialized the Rule 11 Agreement's material terms ("Settlement Agreement"). Like the Rule 11 Agreement, the Settlement Agreement required Janice Reynolds to deed to the Debtor any right, title and interest that she had in the Mansfield Property. Ex. 10 at 5 ¶ 4.6. She also agreed never to claim a homestead right to the Property in the future. *Id.*

18. Thereafter, the Debtor defaulted on the Pender Loan yet again. More litigation between Pender Capital and the Debtor followed in November 2018.

13652819v1

19. To avoid a scheduled foreclosure sale of the Mansfield Property, the Debtor filed its bankruptcy petition in December 2018. Dkt. 1.

20. Janice Reynolds has never filed a proof of claim against the Debtor, and the bar date has passed.

21. Larry Reynolds represented to the Court repeatedly that the Debtor was on the cusp of securing refinancing that would pay off Pender Capital. These representations were false. The Court imposed a deadline for Larry Reynolds to file a letter of intent showing proof that a refinance was underway with a reputable lender. Dkt. 56 at 2. Larry Reynolds failed to comply with the Court's order, and accordingly, the Court lifted the automatic stay and Pender Capital conducted a foreclosure sale of the Debtor's properties, including the Mansfield Property, with the Court's authorization. Ex. 9 at 1-4.

22. As detailed in a series of orders holding Larry Reynolds in contempt, *see* Dkts. 95, 112, 130, 151, 202, 216, 248, Larry Reynolds then stole more than $100,000 from the Debtor. Despite numerous orders from this Court, Larry Reynolds has never repaid the stolen funds. In light of this misconduct, the case was converted to Chapter 7 and a trustee was appointed. Dkt. 98.

23. Notably, some of the stolen funds were transferred by Larry Reynolds to Janice Reynolds, his allegedly estranged wife, and the Trustee filed suit against her alleging fraudulent transfer and other claims. Dkt. 274. That suit was settled with Court approval in exchange for payment by Janice Reynolds of $45,000.00. Dkt. 322.

13652819v1

24. Following conversion to chapter 7, the Court ordered Larry Reynolds not to act or speak on the Debtor's behalf. Dkt. 130. But Larry Reynolds then executed multiple fraudulent deeds in which he attempted to transfer the Mansfield Property from the Debtor to himself. This Court found that four deeds were fraudulently executed by Larry Reynolds and that Larry Reynolds was yet again in contempt of court for violating the Court's orders. Dkt. 252. Nevertheless, Larry Reynolds continued to claim ownership of the Mansfield Property.

25. Pender Capital's successors-in-interest to the Mansfield Property, MBRV I, LLC and MBRV II, LLC (together, "MBRV") bought the Mansfield Property from Pender Capital in two transactions, the first in September 2019, and the second in February 2020. Dkt. 210; Ex. 11; Ex. 12; Ex. 13.

26. In February 2020, MBRV filed suit against Larry Reynolds in Texas state court because Larry Reynolds refused to vacate the Mansfield Property despite having no right, title, or interest in it.

27. In March 2021, Janice Reynolds was deposed in this bankruptcy case. She testified that she was not a Texas resident and that she had no permanent address. Ex. 5 at 12:12-15, 24:13-19.

28. In April 2021, a Texas state court entered final judgment decreeing that MBRV has superior title as to the Mansfield Property as against Janice Reynolds's husband, Larry Reynolds. Ex. 14 at 1. The final judgment likewise decrees that Larry Reynolds has no right, title, or interest in the Mansfield Property. *Id.* The

13652819v1

state court also found that Larry Reynolds had fraudulently executed three deeds. *Id.* at 2-3.

29. The day before the Texas state court entered final judgment, Janice Reynolds filed a petition in intervention in the MBRV/Larry Reynolds case, falsely claiming—again—that the Mansfield Property was her homestead, despite just having testified in this Court that she was not even a Texas resident. *See, e.g.*, Ex. 15 at 5-6 ¶ 24. Although Janice Reynolds had nothing to do with the Debtor or its attempts to refinance the Pender Loan, Janice Reynolds filed a breach-of-contract claim against Pender Capital based on the Rule 11 Agreement terms that involved only Pender Capital and the Debtor. According to Janice Reynolds:

> 21. Cross-Defendant Pender breached the Rule 11 Agreement by communicating with potential parties who might have refinanced the property, failed to inform Intervenor if they were contacted by any party, and failed to cooperate with third parties to refinance the property.

*Id.* at 4 ¶ 21. Janice Reynolds also alleged that Pender Capital "refused to send [three individuals and an entity] a payoff amount [for the Pender Loan] despite repeated requests." *Id.* at 5 ¶ 22.

30. The state court eventually severed Janice Reynolds's petition in intervention into a separate case ("Current State Court Litigation"). Janice Reynolds disclaimed damages against Pender Capital in the Current State Court Litigation. She recognized that the Debtor was in Chapter 7 bankruptcy and avoided naming it

as a defendant. Nonetheless, she appeared to seek relief against the Debtor, including:

    a.    rescission of the July 2018 deed in which she conveyed all right, title, and interest to the Debtor,

    b.    rescission of the Settlement Agreement, to which the Debtor is a party, and

    c.    rescission of the Rule 11 Agreement, to which the Debtor is a party.

*Id.* at 5-6 ¶ 24.

31. On September 13, 2021, upon the Trustee's motion, the Court entered the Sale Order at issue here. Dkt. 354. Among other determinations, the Court found:

    a.    "[T]he Debtor has certain potential actions and the Trustee has investigated and marketed those actions and that the Target of the actions." *Id.*

    b.    Pender Capital, ha[d] made an offer of $20,000 for the actions referenced in the Sale Motion (the 'Claims' or the 'Property.'"). *Id.*

    c.    No party objected. *Id.*

    d.    Notice was reasonable and proper. *Id.*

    e.    "[S]ound business reasons exist for the Trustee to sell the Property." *Id.* at 1-2.

    f.    "[T]he Trustee is proceeding in good faith." *Id.* at 2.

    g.    "[T]he sale of the Property is reasonable and adequate and in the best interest of the creditors." *Id.*

    h.    "[N]o other offers were received by the Trustee." *Id.*

    i.    The "purchase price represents fair and adequate value for the Property." *Id.* at 2.

    j.    "The Sale is proposed in good faith, through arm's length negotiate[ions] and a public process." *Id.*

    k.    "There is sound business justification for the Sale, in the reasonable business judgment of the Trustee, and said claims [are] likely [to] be abandoned in the absence of approval of the Sale." *Id.*

    l.    "There are no undisclosed agreements with respect to the Sale and said Sale is in the best interests of the Estate." *Id.*

    m.    The Trustee's "Motion [was] considered under 363(b) and (f) of the United States Bankruptcy Code." *Id.*

32.    In the Sale Order, the Court made express findings relating to Larry Reynolds

    a.    He did not object to the Motion. *Id.*

    b.    He was "not allowed to participate in the Sale as he has unclean hands." *Id.*

    c.    His unclean hands was based on "having stolen, and not completely repaid, funds from the estate and having committed perjury in this Court." *Id.*

33.    The Sale Order then provides:

> **IT IS THEREFORE ORDERED** that the Trustee be and hereby is authorized to sell the Debtor Estate's interest in all of Debtor's actions against Pender Capital, its officers and agents and related parties including the following scheduled actions:

*Id.*

34.    The Court ordered that the "Claims are sold 'as is', 'where is' without warranty or representation for $20,000 to Pender Capital, the Target, or its assigns, (the 'Purchaser'), who had paid a $10,000 deposit." *Id.* at 3. The Court further

13652819v1

authorized the Trustee to execute any documents necessary to complete the Sale, including a Bill of Sale. *Id.* By the Sale Order's terms, the Court has retained jurisdiction to interpret and enforce the Sale Order. *Id.*

35. Pender Capital timely paid the remaining $10,000 to the Trustee, as the Sale Order required, to effect the Sale. In exchange, the Trustee delivered a Bill of Sale to Pender Capital, thereby effecting a conveyance of the Claims. Ex. 16.

36. MBRV and Pender Capital deposed Janice Reynolds in the Current State Court Litigation in March 2022. She testified that she sued Pender Capital because Pender Capital is, in her view, attempting to "take" the Mansfield Property. Ex. 4 at 87:11-18. But Pender Capital does not have any claim to the Mansfield Property. Only MBRV does. It is therefore unclear why Janice Reynolds sued Pender Capital. What is clear, however, is that her breach-of-contract allegations are mere pretext to assert a claim against the Mansfield Property. *Id.* at 88:10-18 (Janice Reynolds testifying that she was unsure as to whether there was a contract underlying her Current State Court Litigation claims against Pender Capital).

37. On June 10, 2022, MBRV and Pender Capital moved for summary judgment against Janice Reynolds in the Current State Court Litigation.

38. Thereafter, Janice Reynolds's Current State Court Litigation counsel withdrew from the case. Michael Donohue of Friedman & Feiger, LLP appeared on her behalf.

39. On August 12, 2022, Donohue filed amended disclosures in the Current State Court Litigation reciting that the Debtor was in Chapter 7 bankruptcy. Ex. 17

11

13652819v1

at 3. The disclosures stated this case's number and that the case was pending in this Court. *Id.*

40. On October 14, 2022, Janice Reynolds and Donohue filed an amended petition in the Current State Court Litigation against MBRV and Pender Capital. Ex. 18. For the first time, Janice Reynolds named the Debtor as a party and claimed that Janice Reynolds is its "Manager." *Id.* at 2 ¶ 7. The amended petition expressly sought relief from the Debtor, including a declaration against the Debtor that she retains homestead rights in the Mansfield Property, *id.* at 6 ¶ 31, which property she had previously deeded to the Debtor in the July 2018 Deed, as well as an order rescinding the July 2018 Deed, *id.* at 5 ¶ 25. Janice Reynolds asked the state court to issue a citation to the Debtor and that judgment be entered in favor of her and against the Debtor. *Id.* at 7.

41. On October 18, 2022, Pender Capital filed an emergency motion in this Court to enforce the automatic stay and for damages and sanctions against Janice Reynolds and Donohue for willfully violating the stay. Dkt. 440.

42. On October 20, 2022, the Court held a hearing and ordered Janice Reynolds and Donohue to withdraw the Current State Court Litigation's amended petition.

43. In an October 21, 2022 hearing in the Current State Court Litigation, Donohue represented that Janice Reynolds would continue to prosecute the original petition's claims, including the allegations that Pender Capital breached the Rule 11

12

Agreement's terms involving only the Debtor and Pender Capital related to the Debtor's purported efforts to refinance the Pender Loan.

44. Also on October 21, 2022, Janice Reynolds and Donohue filed a motion in this Court to lift the automatic stay. Dkt. 451. The motion falsely stated that "the Debtor was not" a party to the Rule 11 Agreement. *Id.* at 2. After Pender Capital's counsel pointed out the false statement, Donohue and Janice Reynolds filed an amended motion to lift stay, this time falsely stating that the "Debtor had no duties with respect to the Rule 11 Agreement." Dkt. 452 at 2; *see also* Ex. 8 at 152:4-22 (setting out various Rule 11 Agreement duties as to the Debtor). Janice Reynolds and Donohue then filed a second amended motion to lift stay after Pender Capital's counsel pointed out this additional false statement. Dkt. 454.

45. In accordance with Donohue's statement to the state court, Janice Reynolds's amended motion to lift stay asserts that Pender Capital had agreed "to cooperate in the refinance of the Debtor's debt to Pender" Capital, and that Janice "Reynolds came to believe that Pender failed to cooperate as promised." *Id.* at 2. The motion asks for an order lifting the stay so Janice Reynolds can file a declaratory judgment claim against the Debtor and "seek[] ownership of the [Mansfield Property]." *Id.* at 3.

## RELIEF REQUESTED

46. Pender Capital seeks an order that enforces the Sale Order, finds that Janice Reynolds' Current State Court Litigation breach-of-contract allegations are claims that Pender Capital owns pursuant to the Sale Order, and enjoins Janice

13

13652819v1

Reynolds and Donohue from filing or otherwise asserting any claims against any party arising out of any obligations that Pender Capital owed to the Debtor in regards to the Debtor's efforts to refinance the Pender Loan.

## BASIS FOR RELIEF

47. This opposed Motion seeks interpretation and enforcement of the Sale Order. *See* Fed. R. Bankr. P. 9014. A bankruptcy court's "enforcement of its own prior order is a 'core' matter." *In re Chiron Equities, LLC*, 552 B.R. 674, 684 (Bankr. S.D. Tex. 2016) (collecting cases). "A bankruptcy court has continuing core jurisdiction to enforce its own orders." *In re MA-BBO Five, LP*, 2022 WL 339016, at *5 (Bankr. E.D. Tex. Aug. 11, 2022).

48. Here, the Court's Sale Order was entered pursuant to 11 U.S.C. § 363. The Court retained jurisdiction to interpret and enforce the Order.

49. Jurisdiction is therefore proper, as this Motion constitutes a core "arising in" proceeding under 28 U.S.C. § 157(b)(2) and 1334(b). *See, e.g.*, *In re Hereford Biofuels, LP*, 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012).

50. In the Sale Order, the Court authorized Pender Capital to buy "all of Debtor's actions against Pender Capital, its officers and agents and related parties." Dkt. 354 at 2. Pender Capital then bought those actions pursuant to the Sale Order. Ex. 16.

51. The Debtor was the only Pender Loan borrower. And only the Debtor sought to refinance the Pender Loan. Thus, a violation of any Rule 11 Agreement and/or Settlement Agreement term that imposed a duty on Pender Capital in regards

14

to the Debtor's purported refinancing would create a cause of action in only the Debtor.

52. By contrast, Janice Reynolds has had no knowledge of or involvement with the Debtor, its finances, or its purported refinancing attempts. And unlike the Debtor, Janice Reynolds has never had a loan with Pender Capital. She has also never sought to refinance any loan with Pender Capital, including the Pender Loan. Given that, a violation of any Rule 11 Agreement and/or Settlement Agreement term that imposed a duty on Pender Capital in regards to the Debtor's purported refinancing would not create a cause of action in Janice Reynolds.

53. The Court should therefore hold that:

    a. Before Pender Capital bought the claims at issue in the Sale Order, the Debtor—and only Debtor—owned any causes of action arising out of a violation of any Rule 11 Agreement and/or Settlement Agreement term that imposed a duty on Pender Capital in regards to the Debtor's purported refinancing ("Refinancing Claims").

    b. When Pender Capital consummated the transaction at issue in the Sale Order, the Refinancing Claims became extinguished; and

    c. Paragraphs 21 and 22 of Janice Reynolds's Original Petition in Intervention and Plea in Abatement constitute Refinancing Claims that no longer exist.

54. Janice Reynolds has testified that she asserted the Refinancing Claims against Pender Capital in order to make claims against the Mansfield Property. But Pender Capital has no right, title, or interest in the Mansfield Property. Nor has Pender Capital made a claim to the Mansfield Property since it deeded the Mansfield Property to MBRV. Yet Janice Reynolds and Donohue have represented that Janice

15

Reynolds intends to pursue Refinancing Claims against Pender Capital and, if allowed, the Debtor.

55. In doing so, Janice Reynolds wants to unwind the July 2018 Deed, which she signed for the Debtor's benefit. She also wants to unwind the Rule 11 Agreement and Settlement Agreement, both of which the Debtor signed to avoid significant monetary claims related to its Pender Loan Default.

56. Janice Reynolds's assertion of Refinancing Claims appears to be part of a strategy of delay, pure and simple. Neither she nor Larry Reynolds have had even an arguable right to the Mansfield Property since May 2017, when Larry Reynolds deeded the Mansfield Property to the Debtor. Indeed, Janice Reynolds has not had any right, title, or interest to the Mansfield Property since 2010, the year that she abandoned the Mansfield Property in this Court. Notwithstanding, the Reynolds have refused to vacate the premises. Now, Janice Reynolds wants a state court to rescind a deed that she voluntarily conveyed in order to induce Pender Capital to withdraw a sanctions motion against her for filing a false claim of homestead. And she wants this Court to lift the stay in order to assert claims against the Debtor, claims that could have significant impacts on this case, even though she neglected to file a proof of claim in this Court against the Debtor, as she was required to do.

57. The bar date has passed. Janice Reynolds should not be given a do-over to assert Refinancing Claims that she does not own against a party, Pender Capital, who does not even own or claim the Mansfield Property—Janice Reynolds's true objective for pursuing the Refinancing Claims.

16

58. As such, the Court should enjoin Janice Reynolds and Donohue from asserting or filing in any court any Refinancing Claim.

**Dated: October 25, 2022.**

                                          Respectfully submitted,

**SMYSER KAPLAN & VESELKA, L.L.P.**

    */s/ Land Murphy*
Land Murphy
State Bar No. 24058010
717 Texas, Suite 2800
Houston, Texas 77002
(713) 221-2346 telephone
(713) 221-2320 fax
lmurphy@skv.com

**PORTER HEDGES LLP**

    */s/ Eric M. English*
Eric M. English
State Bar No. 24062714
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
eenglish@porterhedges.com

**ATTORNEYS FOR PENDER CAPITAL**

13652819v1

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on October 24, 2022, I conferred with Michael Donohue, counsel for Janice Reynolds, about the relief sought in this Motion. Donohue indicated that Janice Reynolds was opposed.

            */s/ Land Murphy*
            Land Murphy

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Bankr. R. 2014, this instrument was served by United States first class mail, with proper postage affixed to the parties listed below or by electronic transmission to all registered ECF users appearing in the case on October 25, 2022. A copy was also sent via email to the individuals below.

Lawrence J. Friedman
Michael D. Donohue
5301 Spring Valley Rd., Suite 200
Dallas, Texas 75254
lfriedman@fflawoffice.com
mdonohue@fflawoffice.com

            */s/ Land Murphy*
            Land Murphy

13652819v1